In re the MARRIAGE OF Sara Jane BEQUETTE and James Glennon Bequette.

Sara Jane BEQUETTE, Respondent,

v.

James Glennon BEQUETTE, Appellant.

No. 38476.

Missouri Court of Appeals, St. Louis District, Division One.

Feb. 28, 1978.

Anderson, Brooking, Hammon & Dieffen-
bach, Larry W. Mohl, Hillsboro, for appel-
lant.

Jeremiah Nixon, Hillsboro, for respondent.

SMITH, Judge.

Appellant husband appeals from a judgment entered in a dissolution of marriage case. Both parties agreed the marriage was irretrievably broken and agreed that the wife should have custody of the children of the marriage. The husband raises three issues on appeal: (1) the trial court erred in amending its original order dividing the marital property, (2) the trial court erred in refusing to enforce a separation agreement and (3) the court erred in making its maintenance award.

The record discloses an extremely confusing financial picture, both as to marital property and the husband's income. The husband is in the real estate and insurance business and apparently does substantial speculating in real estate. This, plus an absence of reliable and definitive record keeping, placed a substantial burden upon the trial court in attempting to frame proper relief.

In its original decree the court awarded the wife two deposits in savings institutions totaling $3,400.44. The wife's evidence at trial reflects that those deposits were in existence on or near the date the parties separated. The wife withdrew both deposits and used the money for her purposes, apparently to purchase a car. The husband's sworn financial statement filed the day before trial listed both accounts as in existence although the husband testified the statement was based upon conditions at or near the time of separation. Following trial and the court's original order, the wife filed an affidavit and motion stating that the accounts did not exist and that she therefore had received less than the sum actually awarded by the court. With considerably less candor than the trial court was entitled to expect, the affidavit omitted the fact that the deposits were no longer in existence because the wife had already reduced them to her sole possession and spent them. The trial court amended its order by deleting the deposits from the list of marital property to be awarded to the wife and granting instead a personal money judgment against the husband in favor of the wife for $3,400. In amending the order the trial court stated that the affidavit was "not challenged by affidavit or sworn testimony." The husband filed an unverified motion in opposition to the affidavit.

■ We view it as properly within the trial court's discretion to have made an award of $3,400 in addition to the deposits reduced to possession by the wife. It was also within the court's discretion to have refused to make such an award. We are unable to tell, however, whether the amended award was based upon a knowing exercise of discretion or because of respondent's misleading affidavit. The court's order would indicate the latter. We therefore, reverse that portion of the decree awarding respondent $3,400 in a personal money judgment against appellant and remand for reconsideration in light of the actual facts.

An agreement was executed six months prior to the separation of the parties, purporting to divide some but not all of the marital property of the parties. It also provided for child custody and support and for maintenance. The trial court found that the agreement was not executed in contemplation of dissolution, that appellant withheld information on his assets and that it would be unconscionable to enforce the agreement.

■ Sec. 452.325.1 RSMo 1969, provides that the parties "attendant upon their separation or the dissolution of their marriage" may enter into a settlement agreement which unless found to be unconscionable shall be enforced by the court in the decree of dissolution. There was substantial evidence here that the separation agreement was not entered into as a preliminary to separation or dissolution of the marriage. In fact the marital relationship continued for six months after the execution of the document under conditions described by the wife as much improved over the prior relationship. "Attendant" is defined as "accompanying, connected with,

or immediately following". Websters Third New International Dictionary, p. 140. The evidence was sufficient to support the trial court finding that the agreement did not accompany, follow nor was connected with the subsequent separation. It is the intent and purpose of the statute that agreements shall be enforced by the court where they represent arms length negotiations intended to settle the respective rights of two people committed to an imminent separation or dissolution. "Attendant" does not carry the connotation that an agreement is covered which is made simply because of the possibility of future separation or dissolution.

■ We have carefully reviewed the husband's third point and find adequate evidence to support the trial court's award of $200 per month maintenance for sixteen months. While the husband's evidence and tax returns indicate an earning level which would not support such an award, there was other evidence properly considered by the court. The amount of marital property, the nature and scope of the husband's business, his past earnings, his profitable real estate speculations, and his lack of candor concerning many of his financial transactions warrant a conclusion that his earnings are sufficient to provide the maintenance decreed in addition to his $300 per month child support obligation.

Judgment affirmed except as to money judgment of $3,400, and cause is remanded for further proceedings in accordance with this opinion.

CLEMENS, P. J., and McMILLIAN, J., concur.