**Magdalen BREDA, Petitioner–Appellant,**

v.

**Larry A. BREDA, Respondent.**

No. 56572.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 1, 1990.

Chester A. Love, St. Louis, for petitioner-appellant.

Paul J. Boll, St. Louis, for respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal by wife from a judgment and decree in a dissolution of marriage proceeding rendered by the Circuit Court of St. Louis County. We affirm.

The trial initially commenced before the court on January 23, 1989. It was then continued until February 2, 1989 at which time trial was concluded. During the period between the beginning and end of the trial the parties engaged in settlement negotiations at the suggestion of the court. These negotiations were unsuccessful. The court refused to continue the matter and heard the remainder of the evidence.

A substantial portion of the trial consisted of conflicting testimony from each of the parties relative to the value of husband's contributions to the cosmetology business known as "The Styling Booth;" husband's willingness to work and earn income; causes for the failure of the cosmetology business; and testimony relative to the value of services performed by each and for the nature and extent of liabilities and debts paid by one or the other subsequent to the date of separation. The principal assets and property in dispute at trial were: 1) the real estate and residence at 70 Flesher Drive in Ellisville, Missouri; 2) the parties interest in the corporation and cosmetology business previously operated by them known as "The Styling Booth;" 3) the miscellaneous furniture, tools and assets as set forth on Schedule A of the Court's decree; and 4) an automobile in the respective possession of each party.

At the conclusion of the trial both parties submitted findings of fact and conclusions of law. In his proposed findings husband suggested (with the exception of the automobiles in each party's respective possession) the court order an appraisal of the property and assets, and following such appraisal, and lacking any written settlement agreement between the parties, put them up for sale and divide the proceeds 50% to each party. Wife's proposed findings requested the real property at 70 Flesher Drive be awarded to her with the remaining assets and property of "The Styling Booth" be awarded to husband. In addition, she would pay an additional compensating sum for his interest in 70 Flesher Drive. Lastly, all miscellaneous items of household goods, personal property, etc., were to be awarded to the party in possession of these items.

On February 27, 1989 the court entered its judgment and decree. With the exception of awarding each party the automobile in their respective possession, the court directed that all of the assets—unless the parties agreed to a different disposition among themselves in writing—were to be sold and the assets distributed. A paraphrase of the court's decree is as follows: 1) the marital home at 70 Flesher Drive was to be sold and the proceeds distributed 55% to wife and 45% to husband; 2) any

and all tangible personal property from "The Styling Booth" to be sold and proceeds to be distributed 50% to each party; and 3) any and all remaining identified and as yet to be identified marital property sold and proceeds to be distributed 50% to each party.

On March 10, 1989 wife filed a motion to alter and amend the judgment. This motion in part, asserted the court failed to set aside to her the value of her non-marital interest in the real estate and to determine and allocate the respective interest in the property. Trial court overruled this motion on March 31, 1989. This appeal ensues.

The issues before us as raised by appellant are: whether the trial court erred in compelling the forced sale of the residence, assets of "The Styling Booth," and other property; whether the trial court erred in finding the residence at 70 Flesher Drive to be wholly transmuted to marital property; and if this determination was correct then whether the trial court erred in failing to award the residence to her.

The first point appellant raises on appeal alleges the trial court abused its discretion in forcing the sale because this was not a remedy available to the court. Appellant states the sale was used as a means to either force an agreement between the parties or avoid making a particularized division of marital property.

 The decree or judgment of the trial court shall be affirmed if it could properly have been reached on any reasonable theory unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court is vested with considerable discretion in dividing marital property, and we will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Dardick v. Dardick*, 670 S.W.2d 865, 869[5] (Mo. banc 1984). Generally two requirements must be present before the court should order a sale of marital property, "(1) a finding that the property cannot be divided in kind, and (2) a

finding that a sale would be in the best interest of one or both of the parties. Such a finding would need a sufficient evidentiary foundation." *Swinford v. Swinford*, 682 S.W.2d 189, 191 (Mo.App.1984).

 A review of the record reveals evidence supporting the finding that the property could not be divided in kind. We also find that the sale was in the best interest of one of the parties. Appellant put forth no substantial evidence to prove that there is sufficient assets outside the marital residence to compensate respondent for his share of the marital property. Therefore there is not any available way to award her the entire interest in the real estate and offset that by awarding the other party marital property of approximately equal value. Furthermore, the record shows several times during the course of this litigation the parties tried to negotiate a proposed property settlement agreement and had no success. Appellant asserts error by virtue of the trial court forcing sale of the property. Section 452.-330 RSMo states in relevant part:

1. In a proceeding for dissolution of the marriage ... the court shall set apart to each spouse his property and shall divide the marital property in such proportions as the court deems just after considering all relevant factors....

"A usual decree under § 452.330 may order the sale of property, the conveyance of property, the exchange of property or other such dispositions—either between the spouses or with a third person." *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 80 (Mo.App. 1980). If the parties cannot agree upon a sales price then a commissioner may be appointed to sell the property, and the parties will incur the cost of the sale. *See Flach v. Flach*, 645 S.W.2d 718, 721 (Mo. App.1982).

 Appellant states the record leads to only one conclusion, the trial court ordered the sale only to force an agreement and avoid a particularized division of assets. We disagree. The record clearly shows the trial court, after hearing all of the evidence, disposed of the property in a manner that was fair to *both* parties. We find no

error in the trial court's determination that the residence and other marital assets should be sold. Point denied.

The second point appellant raises in this appeal alleges the trial court erred in finding that all of her separate interest in the residence at 70 Flesher Drive had been transmuted into marital property. She bases this primarily on a "source of funds" rule argument.

Under the source of funds' rule, property is considered to be acquired, not when title passes, but as it is paid for. *Hoffman v. Hoffman,* 676 S.W.2d 817 (Mo. banc 1984). Appellant's reliance on this authority is misplaced. In this case the trial court found, under conflicting evidence, the property had been transmuted into marital property. The record reveals enough evidence to support this finding. The property was in both parties names, it was paid for by both parties income from investments and employments, and respondent made several improvements on the property. "The use of marital funds results in a marital interest in a spouse's otherwise separate property." *Bashore v. Bashore,* 685 S.W.2d 579, 583 (Mo.App. 1985) From this, and all the other evidence adduced at trial, trial court apportioned 55% of the profits of the sale to appellant and 45% to respondent. The record shows the value of the property outside the residence could not remunerate respondent for his contribution to the residence. We therefore find the trial court did not abuse its discretion, and was well within its statutory power in ordering the sale of the residence at 70 Flesher Drive. Point denied.

Judgment affirmed.

CRANDALL and KAROHL, JJ., concur.