**Patricia L. TULLY, Petitioner–Respondent,**

v.

**Harold J. TULLY, Respondent–Appellant.**

No. 58908.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 6, 1991.

Robert M. Wohler, O'Fallon, for respondent-appellant.

Charles R. Schroeder, St. Peters, for petitioner-respondent.

PUDLOWSKI, Presiding Judge.

Husband, Harold Tully, appeals the trial court's dissolution of marriage decree dividing the marital property. We affirm.

The marriage of the parties was dissolved by the Circuit Court of St. Charles County, Missouri, on June 27, 1990. Pursuant to the decree of dissolution, wife, Patricia Tully, was awarded the marital residence located at 1115 Patsy Lane, O'Fallon, Missouri. At the trial, on May 29, 1990, both parties testified that they contributed substantially to the $35,000 equity in the house.[1]

In exchange for his equity share in the house, husband retained all rights to his pension having a present value of $6,568, his employee savings investment plan (ESIP) worth $18,005, and a 1984 GMC van

---

1. The equity ($35,000) is equal to the value of the house ($85,000) less the remaining mortgage ($50,000) assumed by wife.

valued at $4,000. Husband was ordered to repay his ESIP loan of $4,202. This loan paid for a new engine in the van and home improvements that increased the value of the house $6,000 to $7,000.[2] All of these monies were earned and debts were incurred during the marriage.

Several marital debts, consisting of credit card accounts, bank loans, and medical bills and totalling approximately $4,000, were to be paid equally by husband and wife. Attorney's fees were also to be borne by each party and costs by petitioner-wife. Also, the personal property was to be divided according to Exhibit 4 of the legal file.

The court also decreed that any inheritance or gift from her father's estate or a trust conveyed to wife before or during the marriage, is her own separate non-marital property. At trial wife testified that no trust existed and that she received no funds from a trust during the marriage. She asserted that her prior deposition testimony regarding the trust was based only on an assumption that one existed. Husband testified that wife was the beneficiary of a trust because she received $8,000 from her father for the purchase of the van and had previously mentioned a trust. However, there was no evidence, other than his testimony, offered to prove the existence of a trust.

Husband physically abused wife during the course of the marriage. Besides wife's and her son's testimony, husband admitted to several scuffles which resulted in injury to wife. Wife admitted provoking husband, but justified these provocations as unconscious and a part of normal living conditions.

Husband appeals the decree of dissolution dividing the marital property. No issue of maintenance to either spouse or child custody or support is presented. Husband contends that interest earned on trust funds should be regarded as marital property and that he was not given proper credit for his contributions to the marital residence.

■■■ In a dissolution of marriage action, the decree or judgment of trial court shall be affirmed, if it could properly have been reached on any reasonable theory, unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies law. *Breda v. Breda*, 788 S.W.2d 769, 771 (Mo.App.1990) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). Furthermore, where neither husband nor wife requested findings of fact and conclusions of law from trial court, all fact issues are presumed to have been found in accordance with the dissolution decree. *T.B.G. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989).

■ The first point on appeal is whether the trial court properly determined that any rights wife may have had to her father's estate or a trust fund was her own separate non-marital property. As addressed by the trial court this issue was a question of fact; whether a trust existed and whether wife, as beneficiary, received any interest from that trust.

■ We find that there was substantial evidence to support the trial court's determination that either no trust existed or no interest was earned by wife. The evidence adduced at trial included wife's testimony that no trust existed, that during the marriage she received no money, and that she had no knowledge that a trust was earning interest. In nonjury marriage dissolution matters, due regard is given to opportunity of trial judge to determine credibility of witnesses. *In re Marriage of Hall*, 801 S.W.2d 471, 472 (Mo.App.1990) (citing Rule 73.01(c)(2)). So, although husband disputed these facts, it was within the trial court's discretion to believe wife and find the facts in accordance with her testimony.

---

**2.** The home improvement increase in value was, apparently, taken into account when valuing the house at $85,000 and is, therefore, appropriately reflected in the equity amount.

Husband argues that commingling of spouse's once separate funds with joint funds is indicative of intent to regard those funds as marital property. *See Trapani v. Trapani,* 684 S.W.2d 500, 503 (Mo.App. 1984); *Jaeger v. Jaeger,* 547 S.W.2d 207, 211 (Mo.App.1977). This reasoning is inapposite because there is substantial evidence to support the court's finding that no trust interest proceeds existed or were conveyed to wife. Moreover, husband admitted there was no commingling of trust funds in a joint account.

Husband also characterizes the $8,000 wife received from her father for the purchase of the van as trust proceeds. The trial court properly found no evidence to support this contention as the trial transcript was barren of any evidence other than husband's testimony, to support this position. The most this transfer could be characterized as is a gift. Gifts received during marriage are not considered marital property. § 452.330.2(1), RSMo 1986. Nonetheless, there is no evidence to support husband's assertion that this transfer was indicative of an interest earning trust.

 The second point on appeal is whether the trial court erred by unjustly distributing the marital property.[3] Husband argues that he was not given proper credit for his contributions to the marital home.

The trial court is vested with considerable discretion in dividing marital property, and we will interfere only if the division is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Breda,* 788 S.W.2d at 771. The trial court is not required to make equal division of marital property, but it must be apportioned in manner which is fair in light of all circumstances. *In re*

*Marriage of Clark,* 801 S.W.2d 496, 500 (Mo.App.1990). Also, the trial court may consider the conduct of the parties during the marriage. § 452.330.1(4), RSMo 1986.

We find that the trial court did not abuse its discretion or unduly weight the marital distribution in favor of wife. Given the facts of this case, the unequal apportionment in favor of wife was fair. Husband abused wife several times during their marriage. Although wife may have provoked husband, this does not mitigate the effect of the abuse or make unjust the trial court's distribution. In *Wilk v. Wilk,* 781 S.W.2d 217, 223 (Mo.App.1989), this court upheld an unequal distribution in favor of the wife when the husband had abused her. Here, the trial court properly considered the husband's contribution to the marital residence, as well as, his misconduct.

Affirmed.

KAROHL and GRIMM, JJ., concur.

---

3. Wife received 55% of the assets based on the equity in the residence ($35,000) divided by total value of the marital assets ($63,573). Husband received 45% of the marital assets based on the sum of the pension, ESIP, and van ($6,568 + 18,005 + $4,000 = $28,573) divided by total value of the marital assets ($63,573). A

view of the distribution more favorable to husband would require subtracting the ESIP loan from the distribution amounts. Although this would lessen husbands share, the distribution would still be just, given the fact that much of this loan went into the van that he retains.