Roy L. PRATT, Plaintiff/Appellant,

v.

Roberta M. PRATT,
Respondent/Respondent.

No. 59034.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 20, 1991.

LANDMARK BANK OF ST. CHARLES COUNTY, Plaintiff–Respondent,

v.

Rexford H. CARUTHERS,
Defendant–Appellant.

No. 58945.

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 20, 1991.

ORDER

Jahn Downes Rohrer, Steelville, for plaintiff/appellant.

Prudence Fink Johnson, Carlson & Associates, Union, for respondent/respondent.

REINHARD, Presiding Judge.

Husband appeals from the award of maintenance and the division of marital property in the Decree of Dissolution of Marriage. We affirm.

The parties were married on December 18, 1959 and separated in October of 1988. The three children born of the marriage were all emancipated by the time of trial. Husband operated a business, Pratt's Repair Shop, and wife remained at home throughout the marriage. Husband testified that he moved out of the family home because:

> She went to church to no end, she starts sending money to every televangelist, preacher and things, send everything we got into them. All she would do would go to church, she would not [do] anything with me as a husband. It was all the church. She would just leave and not have anything to do with me as far as a husband.

Husband also complained that wife did too much volunteer work and that she had moved her mother, who was an invalid, into the family home to care for her. After he left, he provided almost no financial support to his wife. Wife testified that she and her mother were living on her mother's social security payments. Husband filed for divorce on December 14, 1988. In January 1989, husband began living with, and partially supporting, another woman.

In its decree of dissolution the trial court found that husband's adultery and his attitude toward wife's activities "revealed an attitude incompatible with the duty of husband. Petitioner is still living with and supporting the adulteress at the time of the hearing, therefore, the Court finds that the marriage is irretrievably broken and that there is not a reasonable likelihood that it can be preserved."

The court's division of marital property gave husband all the marital interest in the property of the business he owned with his sister, subject to a $25,000 lien in favor of wife against the commercial real estate of the business. The lien was to be paid off at the rate of $300.00 per month. In addition, husband received all interest in a resort lot and substantial personal property. Wife received the family home, two vacant lots contiguous to the home, personal property including her automobile, the lien on the commercial real estate, and roughly ½ of the value of their IRA's. Wife was awarded maintenance of $400.00 per month. This appeal followed.

Our review is governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will affirm the trial court's judgment unless it is not supported by substantial evidence, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Id.* at 32. In addition, we view the evidence in the light most favorable to the decree and disregard contrary evidence. "We defer to the trial court even if the evidence could support a different conclusion." *Langdon v. Langdon*, 792 S.W.2d 645, 646 (Mo.App. 1990). "The division of property need not be equal, but rather just." *W.E.F. v. C.J.F.*, 793 S.W.2d 446, 452 (Mo.App.1990).

Husband first complains that both the division of marital property and the order of maintenance were excessively generous and amounted to a judicial censure of husband for his misconduct. He additionally, in subsequent points, challenges the maintenance award and the trial court's valuation of the family business.

■ Initially we note that § 452.330.1, RSMo 1986, requires the trial court to "divide the marital property in such proportions as the court deems just after considering the relevant factors...." These factors include the economic circumstances

of each spouse and the conduct of the parties during the marriage. Husband argues that his misconduct with his new girlfriend occurred after the separation and thus, in effect, should not have been considered in the award of marital property and maintenance. Judge Holstein, speaking for the Southern District said:

> Sexual infidelity, even that occurring after separation, may be considered as "conduct during the marriage." [citations omitted] However, misconduct is only a viable factor in dividing property when the misconduct places an extra burden on the spouse. *Divine v. Divine,* 752 S.W.2d 76, 78 (Mo.App.1988).

Clearly, in the present case, husband's misconduct may have diverted financial resources away from wife. Funds that might have been available to support his wife were spent to support husband's new girlfriend. Thus, were we to determine that the property division was unequal, this misallocation of marital funds would be a justification for the inequality. However, we see no inequities in either the division of marital property or in the award of maintenance.

First, with respect to the values placed upon the business, we note that neither party utilized expert witnesses to appraise the business itself. Testimony was that the physical assets including real estate had an approximate value of $83,-600, that the gross income was approximately $300,000 per year, and that husband, his sister and his son received salaries and benefits which totalled in excess of $48,000.

After dividing these approximate amounts in half to reflect the marital property interest in dispute, the amount awarded to wife is approximately equal to one year's net profit (as measured by salaries only) or 17% of one year's gross income or 61% of the value of the physical assets of the business. None of these percentages are so disproportionate as to suggest abuse of discretion by the trial court. *See W.E.F. v. C.J.F.,* 793 S.W.2d 446, 452 (Mo.App. 1990).

Similarly, we believe that the award of $400.00 per month to wife as maintenance is supported by the evidence. Wife has only an 8th grade education and has never worked outside the home. Our review of the record convinces us that the trial court did not abuse its discretion in making this award. *See Misdary v. Misdary,* 737 S.W.2d 476, 480 (Mo.App.1987).

Judgment affirmed.

GARY M. GAERTNER and CRANE, JJ., concur.