**Clifford H. RAY, Appellant,**

v.

**Lavonne Ann RAY, Respondent.**

**No. WD 47949.**

Missouri Court of Appeals,
Western District.

Submitted April 20, 1994.

May 24, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 28, 1994.

Douglass F. Noland, Liberty, for appellant.

John R. Shank, Jr., Kansas City, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

SMART, Presiding Judge.

Clifford Ray appeals from a judgment in a dissolution case. Appellant contends that the trial court erred in the property distribution by ordering an unduly disproportionate distribution. He also argues that the trial court erred in certain calculations.

Judgment is affirmed in part and reversed and remanded in part.

Clifford Ray ("Husband") and LaVonne Ray ("Wife") were married on June 7, 1981 and separated on February 17, 1992. The parties did not have any children together, but Husband had two children from a prior marriage and Wife had one child from a prior marriage. All three children lived with the parties during most of their marriage.

Husband is fifty-eight years old and works for the Kansas City School District as a stock handler in the warehouse. Husband has worked for the District for 5 years and his net take home pay equals approximately $860.00 per month. Husband testified that he has monthly living expenses of $1,041.52. Wife is fifty-three years old and worked full-time during most of the marriage. She had a degree in accounting and has worked as a bookkeeper. In the fall of 1991, Wife suffered from severe depression and was hospitalized for approximately 12 days. She later went to St. Louis to stay with her sister and was again admitted to the hospital for approximately two weeks. After returning to her home in Liberty, Wife did not return to work.

While Wife was in St. Louis, Husband liquidated marital savings bonds. When Wife returned from St. Louis, Husband left the marital home and moved in with his ex-wife, daughter and grandson. Husband

cashed a marital IRA after moving from the house.

The trial court valued the parties' marital home at $82,000.00 and found it was subject to a $10,000.00 mortgage. Wife contributed $43,500.00 of non-marital property for a down payment for the purchase of the house. Husband agreed that Wife should receive her contribution back out of the house. Wife testified that she planned to remain in the marital home. The trial court deducted an eight percent real estate commission from the value of the house and found that the marital equity in the home equalled $18,-000.00. The trial court then awarded the house in its entirety to Wife.

The trial court valued the marital property at $45,700.00. Husband was awarded $1,700.00 in personal property and $6,400.00 for an IRA and retirement accounts. Wife received $6,700.00 in personal property, $18,-000.00 equity in the house, and $12,900.00 for an IRA. In dividing the marital property between the parties, the trial court took into consideration the fact that Husband had cashed savings bonds and a marital IRA after the separation. The trial court set aside each party's non-marital property. Husband's non-marital property consisted of $1,400.00 in personal property, an IRA valued at $29,000.00 and a $13,000.00 interest in real estate derived from a prior decree of dissolution. Wife's non-marital property consisted of $185.00 in personal property, CD's valued at $52,769.00 and $47,600.00 equity interest in the home. Additionally, the trial court ordered each party to pay his or her own attorney's fees and declined to order maintenance to either party. The trial court noted that Wife was in need of maintenance, but that Husband was not able to pay it. Husband appeals from the trial court's order.

### Marital Funds Spent by Husband

■ First, Husband asserts that the trial court erred in determining that Husband's distribution should be reduced in consideration of $15,000.00 of marital funds which he spent during the marriage. Husband contends that no substantial evidence was presented supporting the $15,000.00 amount or supporting the notion that Husband had squandered the assets. Husband testified at trial that the funds were used for living expenses and the payment of taxes. He said it was also to pay debts for living expenses which were incurred prior to the separation. Review of this court-tried case is governed by the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and the trial court's decision must be affirmed unless it is unsupported by substantial evidence, against the weight of the evidence, or misstates or misapplies the law.

Both parties concede that the amount of funds that Husband liquidated after the parties' separation did not equal $15,000.00. Wife claims the amount is between $10,100.00 and $11,800.00. Husband claims the amount is between $7,400.00 and $8,600.00. In the dissolution decree, the trial court simply states "That Petitioner has heretofore received approximately $15,000.00 in marital assets which have been cashed in or otherwise expended, for which Petitioner should bear sole and absolute liability of any tax considerations related thereto." From the bench, immediately following the hearing, the trial court made the following comments about the funds expended by Husband:

Petitioner on his own chose to cash in a sizable amount of CD's and an IRA that according to the evidence total somewhere near $15,000.00. He should be responsible for the liability that's going to be assumed for that. The record should also reflect that I've taken that into consideration when I set off the house and the equity to the respondent. Because even though the petitioner is only receiving some $8,100.00 in personal property and his IRA, I find that he received somewhere near $15,-000.00 in CD's and an IRA that were marital property before he cashed them in. I don't see that the payment of utilities for even a few months would justify that. I am taking that into consideration in the division of property. In the event there is an appeal, in other words, I think it needs to be clear that I find that with the exception of the house, there is a fairly even division of property although the petitioner has pretty much taken his in advance in the CD's and the IRA. If you total those

things up, you're going to find that they almost come out equal except for the $18,-000.00 in equity in the house. I don't want you all to think that the respondent is walking out of here with everything. It just so happens that petitioner has already spent most of his money that he would have received.

 The trial judge is in the best position to judge the credibility of witnesses and we defer to its credibility determinations. *Grams v. Grams,* 789 S.W.2d 846, 849 (Mo. App.1990). The trial court also has broad discretion in determining issues of squandering of assets. *Cofer v. Price–Cofer,* 825 S.W.2d 369, 373 (Mo.App.1992). From the trial court's comments, it is clear that it did not accept Husband's testimony about how he used the liquidated funds. This court is not entitled to second-guess the trial court's judgment of the credibility of Husband's testimony on this point. Thus, the trial court did not err in including the funds spent by Husband in the property distribution.

 It is also clear from the trial court's comments that it considered the sum of $15,-000.00 in making the property distribution. The record fails to supply an explanation as to how the court arrived at the $15,000.00 calculation. The logical assumption is that the trial court simply erred in a mathematical calculation as to the value of the marital IRA and the savings bonds. The trial court's use of that figure is not supported by substantial evidence. It would appear that this error involves several thousand dollars, and is therefore not "de minimis." Accordingly, the judgment is reversed as to the property distribution. The case will be remanded to the trial court to determine the specific amount of funds expended by Husband. This court does not disturb the trial court's decision to include the amount expended by Husband in the property distribution. After calculating the amount expended, the trial court shall then make any appropriate adjustment to the property distribution. Since orders of property division and maintenance are often interrelated, it is generally good practice to allow the trial court freedom on remand to reconsider an award of maintenance if the trial court deems it necessary.

Accordingly, the trial court's order awarding no maintenance is also reversed to allow the trial court maximum flexibility. This ruling is not intended to imply that this court believes maintenance is appropriate. Rather, it is our intent to leave that issue with the trial court.

### Division of Marital Property

Husband contends that the trial court erred in making a disproportionate division of marital property in awarding 82% of the property to Wife and 12% of the property to Husband and failing to give Husband credit for $3,200.00 of his non-marital funds expended by Husband.

 In a dissolution proceeding, the law does not require an equal division of marital property, but the division must be fair and equitable after taking into consideration the factors enumerated in § 452.330.1. *Cofer,* 825 S.W.2d at 374. A reviewing court must defer to the trial court's marital property division unless it is improper under the principles of *Murphy v. Carron,* 536 S.W.2d at 32, or is an abuse of discretion. This court presumes the correctness of the division of marital property and the party challenging the division bears the burden of overcoming the presumption. *Cofer,* 825 S.W.2d at 374.

> Disparity in the value of marital property awarded each spouse is appropriate if the relevant factors, statutory or otherwise, justify an unequal division. The Sec. 452.-330.1 factors do not constitute an exclusive list for the trial court's consideration. The fact that the trial court awarded one party a considerably higher percentage of the marital property than it awarded the other is not *per se* an abuse of discretion.

*Id.* (citations omitted).

 In the dissolution decree, it is clear that the trial court intended to award Wife $37,600.00 in marital property and Husband $23,100.00 in marital property (including the $15,000.00 the trial court found that Husband had already spent). The ratio of this property division equals 62%–38%. We have already determined that we will reverse and remand the case for evaluation of the $15,-000.00 figure and the trial court shall adjust

the property award if necessary. The comments of the trial court after the hearing confirm the trial court's efforts to make a fair and equitable distribution. The trial court stated:

Due to the fact that I find that the respondent in this case is in a position where she is not able to work full time and due to her age is going to have a difficult time finding a job to support herself and though she luckily has CD's that will be of some assistance, she will be in need of some type of help. · However, at the same time I find that the petitioner is not in a financial position to be able to do it. I'm going to set off the entire $18,000.00 equity in the house to the respondent.

I am going to order that no maintenance be paid. I want to specifically state on the record that ordinarily I would order some maintenance. I think maintenance is deserved in this case; however the petitioner is just not in a financial position to be able to do it. I'm going—luckily he's got a good job and I'm going to let him keep that job and keep all his wages and try to get by. The equity in the house and the CD's combined is what the respondent is going to have to get by on.

Because I am ordering all of the equity in the house to the respondent, I will order that all of the outstanding medical bills be paid by her if they are not covered in any other way. I will order that the house payment and mortgage be her sole obligation. I'll order that she pay her own attorney fees.

\* \* \* \* \* \*

I think it states on the record my position in regard to maintenance and what I'm trying to do. I'm trying to set the respondent up in a position where she can live off of what she has and where she is.

\* \* \* \* \* \*

The petitioner has very little but he had very little coming into this marriage and he's going to have very little going out of it. However, he does have a good retirement plan. He does have a mortgage on another house, and he has a steady income. That's what he's going to have to live with.

The record shows that the trial court took into account the factors set forth in § 452.-330.1 in making its award. The trial court explained in detail the considerations influencing the distribution. The court was sensitive to the economic welfare of each party. We conclude that the trial court's property division order was not against the weight of the evidence insofar as it divided the property disproportionately.

### Real Estate Commission

▆▆▆ Husband also argues that the trial court erred in assessing and deducting an 8% real estate commission on the marital home in calculating the equity in the home because it amounted to further unequal division of the property in that the house was not sold and Wife testified she did not intend to sell the house.

In determining the equity in the marital home, the trial court deducted an 8% real estate commission from the value of the property. The trial court then calculated the equity and awarded the entire amount to Wife. Wife testified at trial that she had no intention of moving from the marital residence. Nor was there any evidence in the record showing that Wife would be forced to move because of an impending failure to meet financial obligations. Ordinarily, unless there is some indication that the house may be sold in the near future, it would not seem appropriate to deduct a hypothetical real estate commission in determining equity. The record showed that the mortgage on the house had a balance of approximately $10,-000.00 and the trial court noted that Wife could pay that off with the proceeds of the property distribution and have substantial cash left over to cover other financial obligations. Respondent has not supplied us with any authority for such a deduction in a case where there is no indication the house will be sold. Nor have we been supplied any information which would suggest that this method is the method commonly used by accountants and lenders to establish equity. Thus, the record fails to support the trial court's assessment of an 8% real estate commission. Accordingly, on remand the trial court shall recalculate the equity in the house

without making allowance for a real estate commission, and shall adjust the property distribution as determined to be necessary and appropriate.

### Conclusion

The judgment is reversed as to the matter of property distribution. The judgment as to maintenance is also reversed to allow the court to consider the full range of financial factors. The case is remanded, and the trial court shall calculate the dollar amount expended by Husband from liquidation of savings bonds and the marital IRA. The trial court shall also calculate the equity in the marital home without deducting the amount of a real estate commission. After determining these items, the trial court shall divide the property as it determines is fair and equitable, and shall make any other orders which it determines to be necessary and appropriate.

All concur.