Wendy Helen SWOBODA,
Petitioner/Respondent/Cross-appellant,

v.

Leo Walter SWOBODA,
Respondent/Appellant/Cross-respondent.

Nos. 66009, 66010.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 22, 1995.

Patrick Daniel Billington, Union, for appellant.

Joseph R. Aubuchon, Daniel E. Leslie, Union, for respondent.

CRAHAN, Judge.

Husband and Wife cross-appeal the property division provisions of the decree dissolving their marriage. We affirm in part and reverse and remand in part with directions and for further proceedings.

Husband and Wife were married in April, 1987 and separated in March, 1992. No children were born of the marriage. Although Wife did not indicate to Husband that there were any problems with the marriage until December, 1991, she testified that she considered the marriage over in mid–1989, about the same time she began dating and socializing with a co-worker. By mid–1990, that relationship became intimate and remained so through the parties' separation. Thereafter, Wife and the co-worker continued the relationship and were living together at the time of trial.

The trial court specifically found that Wife had engaged in sexual misconduct and that she had "led [Husband] on" in the process, refusing to tell him of problems with the marriage and agreeing to try to have children despite her copulation with another man. Wife even persuaded Husband to undergo fertility testing, which she later refused when it was her turn to be tested. Although Wife also alleged misconduct on Husband's part, the trial court found that her testimony was not credible and that her allegations of abuse were invented in order to rationalize her relationship with her co-worker and to save face with her family.

The parties' principal asset was the marital residence. About a year before the marriage, the parties selected a parcel of approximately 2.3 acres situated on the corner of Wife's parents' property upon which to construct their marital home. The parcel selected was about one-eighth to one-quarter of a mile from Wife's parents' home and shared a common driveway which gave access to the marital home and a farm operated by Wife's father. Father deeded the parcel to Wife as a gift and the parties began to construct their home. Father testified that the value of the parcel at the time of the gift was about $10,000.00. Husband also contributed approximately $9–10,000.00 of his premarital separate property to construction of the home. The parties, various subcontractors, family and friends helped to build the home. The parties moved into the home in August, 1987 and on August 4, 1987, a new deed was executed by Wife to both Husband and Wife as tenants by the entirety.

Because two of Husband's points and one of Wife's points pertain to the trial court's disposition of the marital residence, we will address them together. It was undisputed that the property was in need of substantial repairs due to deficiencies in construction

work by one of the subcontractors who later went out of business. Husband and Wife's expert appraiser agreed that the home was worth approximately $127,000.00 to $128,000.00 less the cost of repairs. Wife's expert estimated the fair market value to be $115,000.00 to $120,000.00 while Husband estimated its value at $105,000.00.

The trial court found the fair market value to be $117,500.00 but elsewhere stated "the value of said real estate to be One Hundred Fifteen Thousand Dollars ($115,000.00)." Husband urges and Wife agrees that these findings are in conflict. However, neither party suggests that there is any lawful basis for valuing that property at anything other than its fair market value, which the trial court unequivocally found to be $117,500.00.[1] Because we find it necessary to remand the case for other reasons, the trial court is directed to amend the decree on remand to reflect this value.

■ The trial court ordered that the marital residence be offered for sale to Wife's father for $107,500.00, ten thousand dollars less than what the court found to be the fair market value. If Wife's father chose not to purchase the property, it was to be sold at a price agreed upon by the parties, provided that any offer of at least $117,500.00 had to be accepted. Husband complains that the trial court erred in ordering that the property be offered for sale to Wife's father for less than its fair market value and in failing to afford him the opportunity to purchase it for its fair market value. We agree.

Although the trial court offered no explanation for its decision that the property should be offered to Wife's father for $10,000.00 less than its fair market value, Wife suggests in her brief that such disposition is justified by Wife's father's testimony that he felt he could no longer have a relationship with Husband due to Wife's allegations of abuse, the close proximity of the property to Wife's parents' home, the fact that Wife's father would have to drive past the house daily, and the fact that the land was worth approximately $10,000.00 when Wife's father

gave it to Wife for the marital residence. In support of these contentions, Wife cites statements taken wholly out of context to the effect that pursuant to the broad powers conferred upon the court by § 452.330 RSMo, the court may not only order a sale, but can decree an exchange or conveyance, or other such dispositions, whether between spouses or with a third person. *See, e.g., Breda v. Breda,* 788 S.W.2d 769, 771 (Mo. App.1990); *In re Marriage of Goodding,* 677 S.W.2d 332, 339 (Mo.App.1984); *see also Wilhoit v. Wilhoit,* 599 S.W.2d 74, 80 (Mo.App. 1980).

Although we have no quarrel with that proposition in the abstract, in none of these or any of the other cases cited by Wife did the court order a sale of marital property to a specific third party, let alone at a price below its fair market value. That is precisely the situation in this case. It is undisputed that Wife received the property as a gift and that she later retitled the property in her and Husband's names as tenants by the entireties, transforming it into marital property. There was no evidence and no finding by the court that Wife's father's gift was in any way contingent upon her marriage or the success of her marriage. Although Wife's father may now regret the gift, the fact is that he holds no legal or equitable interest in the property which would justify the preferential disposition he was accorded in the decree.

In holding that Wife's father is not entitled to preferential treatment, we do not suggest that the trial court is wholly powerless to accommodate his concerns. In this regard, we observe that the factors Wife suggests may have led the trial court to accord her father preferential treatment are also reasons why the property may be worth more to him than the average purchaser. Likewise, Husband testified that he was interested in purchasing the property because it was close to his work, school and church. Husband also has invested substantial equity in the home. In view of the fact that there appears to be at least two buyers with an incentive to

---

1. This was also fixed as the price the parties would be obliged to accept if the property was offered for public sale.

pay as much or more than the property might bring if it was listed with a broker, the evidence suggests that a public sale might be an appropriate procedure which would save the parties the expense of a broker's fee and yet give both Husband and Wife's father a fair opportunity to pursue their respective interests in the residence. We leave the appropriate disposition to the sound discretion of the trial court on remand. However, nothing in this opinion is intended to foreclose consideration of that procedure or other reasonable alternatives on remand. With that observation, we reverse the provisions of the decree pertaining to the sale of the marital residence and remand for further proceedings consistent with this opinion.

■ We next address Wife's contention that the trial court's disposition of the proceeds of any sale is not supported by the evidence. The trial court directed that the proceeds of sale should be applied to payment of the mortgage debt of $97,191.71, and a heat pump note (which the evidence indicates had a balance of approximately $1,000.00 to $2,000.00 at the time of trial) with the balance distributed 60% to Husband and 40% to Wife. Wife points out that the mortgage balance as shown by the evidence was not $97,191.71. Although the balance as of the date of trial in December 1993 cannot be determined from the record, a statement from the mortgage lender introduced at trial indicates that as of December 1992 the principal balance had been reduced to $67,939.82. Thus, Wife is correct that the decree as entered is not supported by the evidence and must be reversed.

■ This does not, however, end our consideration of the trial court's disposition of the proceeds. Elsewhere in the decree, the trial court made the following finding:

> Based on the testimony of [Wife] the Court finds that the marriage was over in mid–1989 and will grant [Husband] credit for all payment[s] and equity build up in said assets since January 1, 1990, since [Wife] should not benefit from her misconduct.

Another report from the mortgage lender dated December 29, 1989 indicates that the mortgage balance at that time was $97,191.71, the exact figure the trial court ordered paid from the proceeds. Based on the finding quoted above, it seems clear that the trial court's intent was that Husband should receive credit for his mortgage payments from and after January 1, 1990. If this was, in fact, the trial court's intent, the proper way to accomplish that result would have been to provide that the proceeds should be applied first to payment of the heat pump note and mortgage balance at the time of sale, next to reimburse Husband for the difference between the mortgage balance and $97,191.71, and the balance distributed to the parties in the 60%–40% percentages provided in the decree. Because this issue is certain to arise on remand and has been fully briefed by the parties, we have examined the evidentiary support for that disposition and find that it is supported by the evidence and would not be an abuse of discretion. Assuming this disposition was, in fact, the trial court's intent, the decree shall be amended to so provide on remand. If this was not the trial court's intent, the decree shall be amended to clarify the intended disposition consistent with the evidence.

■ In his final point, Husband asserts error in awarding Wife an automobile he purchased and paid for with his own funds prior to the marriage. Husband concedes that he retitled the automobile in Wife's maiden name just prior to the marriage but maintains that this was done solely for insurance purposes and did not represent a gift. We find no abuse of discretion in awarding the automobile to Wife. Although Husband urges that the transaction merely represented a "financial decision" to save on insurance, we have previously held that a transaction need not be motivated specifically to make a gift in order to constitute a gift to a spouse. *McDonough v. McDonough,* 762 S.W.2d 827, 829 (Mo.App.1988); *see also In re Marriage of Johnson,* 856 S.W.2d 921, 926 (Mo.App. 1993) ("Section 452.330 does not contemplate that after a gift has been made, a trial court should then look to the donor's intent in determining whether it was a gift to be marital property or the separate property of the donee.") Point denied.

■ Wife's final two points challenge the justness of the trial court's overall distribution of property and the assessment of costs against her. Neither point bears extended discussion. Wife contends that the property division was unjust because the trial court failed to consider Husband's misconduct during the marriage. The trial court did not fail to consider Husband's misconduct; it specifically found that Husband did not engage in misconduct and that Wife's allegations of Husband's controlling behavior and physical abuse were not credible. We must defer to the trial court's findings as to the credibility of witnesses. *Ray v. Ray,* 877 S.W.2d 648, 651 (Mo.App.1994). Point denied.

■ A trial court's assessment of costs will be reversed only for abuse of discretion. *Hermelin v. Hermelin,* 766 S.W.2d 670, 673 (Mo.App.1989). In view of the extensive evidence of Wife's misconduct, we find no abuse of discretion in this case. Point denied.

With the exception of the disposition of the marital residence and proceeds thereof, the judgment is in all respects affirmed. Those portions of the decree pertaining to the disposition of the marital residence are reversed and remanded with directions as set forth above and for further proceedings consistent with this opinion. Costs on appeal are assessed equally against the parties.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.