Lynda Ann **REISENLEITER**,
Respondent,

v.

John Robert **REISENLEITER**, Appellant.

No. 67223.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 23, 1996.

David S. Purcell, Craig M. Sobe, St. Louis, for appellant.

Richard B. Dempsey, Richard B. Dempsey, Jr., Washington, for respondent.

DOWD, Judge.

John Robert Reisenleiter ("Husband") appeals the Amended Decree of Dissolution entered by the trial court regarding its division of property. Husband argues the trial court erred by failing to divide the property in accordance with the post-nuptial agreement. Husband also alleges the trial court erred by ordering him to pay his former wife certain property awards twice. We reverse in part and modify in part.

Husband married Lynda Ann Reisenleiter ("Wife") in 1984. On February 22, 1989, after a period of separation, the parties executed a Post–Nuptial and Reconciliation Agreement ("Agreement"). The Agreement, among other things, created the Reisenleiter Trust ("Trust") of which Husband and Wife were both settlors and trustees. Their powers included "all things necessary and proper to manage and control the property" of the Trust, including retaining original property, selling and exchanging property, investing and reinvesting, managing any real property, borrowing money, and making advances. All powers authorized by the Trust instrument could be executed by Husband and Wife either jointly or in an individual capacity.

The Trust corpus included all assets and properties, both separate and marital, which Husband and Wife owned including the marital home ("Strecker property"). Excluded from the Trust and set aside specifically for him by the Agreement was a portion of Husband's retirement investments acquired before the marriage.[1]

The Agreement set out Husband and Wife's rights to the Trust assets in the event their marriage failed. Upon dissolution, the Trust would terminate and Husband and Wife would negotiate an equal division of the Trust assets. If they could not reach an agreement, a court in any action for dissolution would have the power to direct the sale of some or all of said assets and divide and distribute them equally. This division would

---

1. Also excluded from the Trust were the parties' clothes, jewelry, and similar articles and those properties acquired by gift, devise, descent or bequest.

be equal notwithstanding: (a) the contribution of either party to the acquisition of any assets; (b) the value of the separate property of either party; (c) the economic circumstances of either party at the time the division of the Trust assets is to become effective; and (d) the misconduct of the parties during the marriage.[2]

On March 13, 1992, Husband and Wife again separated, and Wife subsequently filed for dissolution. The trial court dissolved the marriage on August 9, 1994. Finding the Agreement valid and binding on the parties, the court noted its duty to divide the property equally pursuant to the terms of the Agreement. The Agreement, however, was silent as to the distribution between the parties of debts on real property, so the court divided them according to the statutory considerations of § 452.330.1, RSMo 1994.

Husband and Wife had borrowed $90,000 against the Strecker property and used the funds to purchase real estate in Texas. The couple then sold a piece of the Strecker property for $68,130 and applied $60,000 of the proceeds to the loan. The court found that Husband spent the remaining $8,000 on unspecified debts and borrowed additional funds against the property. The court ordered the Strecker and Texas properties sold, debts on the real property paid, and the remaining proceeds divided equally between the parties. The court then ordered Husband to pay Wife an additional sum of $12,500, requiring Husband to pay more than one-half of the debt described above.

Wife filed a Motion to Amend Decree or in the Alternative for New Trial.[3] The court issued an Amended Decree of Dissolution of Marriage on September 30, 1994, based on issues raised in Wife's motion. *See* Rule 75.01; *Kincaid Enterprises, Inc. v. Porter*, 812 S.W.2d 892 (Mo.App.1991). In its amended decree, the trial court cited Husband's misconduct during the marriage as the reason it awarded him more than one-

half of the debt. The court found Husband controlled the loan and had taken advantage of Wife by inappropriately applying marital funds.[4]

■ Husband argues that by failing to divide the debt on the marital property equally between the parties, the court failed to enforce the post-nuptial Agreement. We agree.

■ The applicable standard of review in this case is governed by the principles of *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976). We will uphold the judgment of the trial court "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Id.* at 32.

■ The trial court held it had the power to divide debts according to the factors of the dissolution statute because the Agreement was silent as to the payment of debts. The Missouri dissolution statute allows parties to enter into a written separation agreement, the terms of which are binding on the parties, unless the trial court finds the agreement unconscionable. § 452.325.2, RSMo 1994. *See Schlottach v. Schlottach*, 873 S.W.2d 928 (Mo.App. E.D.1994). Wife contends, however, that the Agreement itself is invalid because § 452.325 requires agreements to be "attendant upon [the parties'] separation or the dissolution of their marriage." In *Marriage of Bequette*, 563 S.W.2d 528 (Mo.App.1978), this court found that agreements were "attendant" when the separation or dissolution was "imminent" and not when they were "made simply because of the possibility of future separation or dissolution." *Id.* at 531.

■ However, "oral agreements as to property division are binding when entered into in open court by parties represented by counsel and the agreement is 'spread upon

---

**2.** Under the Missouri dissolution statute § 452.330.1, RSMo 1994, a trial court may consider these factors in dividing marital property.

**3.** Husband filed a Motion to Amend Decree or in the Alternative for New Trial out of time.

**4.** Making a finding that Husband "inappropriately applied marital funds" implies a charge of breach of fiduciary duty of a trustee. However, Husband's conduct as a trustee is not an issue before this court as Wife never brought an action against Husband in his capacity as a trustee.

the record.'" *Carter v. Carter*, 869 S.W.2d 822 (Mo.App. W.D.1994). Here, Husband and Wife stipulated in court that the terms of the Agreement would control the division of property in the event of a dissolution proceeding, notwithstanding the statutory considerations of § 452.330.1, RSMo 1994. Because the circuit court did not find the Agreement unconscionable, its terms control the resolution of this matter. § 452.325.3, RSMo 1994.

■ As a general rule, debts are not marital property and trial courts are not required to allocate them between the parties. *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 950 (Mo.App. E.D.1993). However, the allocation of these debts is "a commendable practice and serves to eliminate future dissension between the parties." *Id.* The trial court is "required to consider the marital debts in establishing a fair division of marital property." *Schneider v. Schneider*, 824 S.W.2d 942, 948 (Mo.App. E.D.1992).

■ Generally, if a settlor fails to make an express provision regarding the payments of mortgages on trust property, the settlor intends the mortgage to be paid out of trust proceeds. *See* § 456.810.3(2), RSMo 1994; Bogert, *Trusts and Trustees 2d Edition Revised*, § 808, 1981; Fratcher, *Scott on Trusts*, § 347.2, 1989. Here, Husband and Wife expressly provided for distribution upon termination of the trust. The Agreement stated that in the event of dissolution, the "Trust shall terminate and all the assets thereof shall be divided equally in value between the parties." The debts the court sought to divide were debts on real trust property. The court ordered the properties sold to pay off existing debts and then divided the remaining money equally in value between Husband and Wife as permitted by the Agreement and Trust instruments. We find, however, that the court erred by further requiring Husband to pay Wife the additional $12,500 because of marital misconduct.

■ In his second point on appeal, Husband alleges the trial court erred by ordering contradictory awards of property to Wife. The Agreement sets aside for Husband part of his retirement investments acquired be-

fore his marriage. The court found these investments included a $975 checking account at Mark Twain Bank and a SEP–IRA with a value of approximately $7,255. Pursuant to the Agreement, the court ordered this property set aside for Husband, but then proceeded to order these assets liquidated and divided equally between the parties. Because the court found these assets were indeed part of Husband's retirement investments, we find the court erred in ordering these assets liquidated and divided between Husband and Wife.

Additionally, the court ordered Husband to pay Wife $24,387.50, an amount consisting only of the debt award discussed above in point one and sums previously awarded to Wife. We find that this award was in error.

Accordingly, we order the dissolution decree modified as follows: (1) The court order requiring Husband to "pay to [Wife] by reason of Paragraph 17 above the sum of $24,387.50" is hereby deleted; and (2) Husband's Mark Twain checking account in the amount of $975 and his SEP–IRA in the amount of $7,255 are set aside for him exclusively. Rule 84.14; *Romkema v. Romkema*, 918 S.W.2d 294 (Mo.App. E.D.1996). Additionally, we reverse that part of the decree awarding Wife $12,500 as discussed above. We affirm as modified.

CRAHAN, P.J., and CRANDALL, J., concur.