Douglas S. McNAIR, Appellant,

v.

Frances F. McNAIR, Respondent.

No. WD 54188.

Missouri Court of Appeals, Western District.

Sept. 8, 1998.

Norman E. Beal, Kansas City, for Douglas S. McNair.

Sheldon Bernstein, Kansas City, Kathy Shephard, Kearney, for Francis F. McNair.

Before ULRICH, P.J.; SMART, J. and LAURA DENVIR STITH, J.

ROBERT G. ULRICH, P.J.

Douglas McNair (Husband) appeals the judgment of the trial court dissolving his marriage to Frances McNair (Wife). He claims that the trial court erred in dividing marital property, valuing and allocating mortgage debt, and awarding Wife her attorney's fees. The judgment of the trial court is affirmed.

Husband and Wife were married on June 28, 1986. Both were gainfully employed throughout the marriage by Cerner Corporation, and at the time of the dissolution, each party was a vice president with the corporation. The bulk of the marital property consisted of Cerner Corporation stock, which was acquired throughout the marriage in large part by the exercise of options granted to the parties as employees of the company.

Prior to the marriage, Wife owned a home in Weston, and that home became the marital residence after the parties were married. At the time of the marriage, a mortgage of approximately $20,000 on the home existed. During the marriage, the parties borrowed additional money against the home to purchase Cerner stock, to remodel the home, and to purchase another house. The other house, which was used as rental property, was also mortgaged.

In the spring of 1995, Husband began a relationship with another woman. Husband

and Wife separated in August 1995, and Husband began living with his girlfriend in September. After the separation, Wife bore the sole responsibility for making monthly payments on the parties' debt.[1]

The trial court entered its judgment dissolving the parties' marriage on February 27, 1997. In the judgment, the court set aside the parties' nonmarital property, divided the marital property, and awarded Wife her attorney's fees. Wife received nonmarital property valued at $160,038 and marital property valued at $1,333,866.50. Husband received $147,649 in nonmarital property and $1,075,613.50 in marital property. The division of marital property represented a 55%–45% split. The court found that "[Wife] was entitled to a disproportionate portion of the marital property after taking into account the statutory factors." The court further found, "the [Husband's] relationship with another woman during the course of the marriage did impose hardships on the [wife], so as to be a factor in dividing marital property." Finally, the court ordered Husband to pay Wife's attorney's fees in the amount of $15,000. This appeal followed.

## I. Division of Marital Property

In his first point on appeal, Husband claims that the trial court erred in making a disproportionate division of marital property. He asserts that the trial court improperly applied the statutory factors of section 452.330.[2] Specifically, Husband argues that the court's focus on his misconduct was unwarranted because no extra burdens were placed on Wife as a result of the misconduct.[3]

Section 452.330 requires the trial court to "divide the marital property as the court deems just after consideration of all the relevant factors." § 452.330. Section 452.330 does not require an equal division of marital property. *Crews v. Crews*, 949 S.W.2d 659, 664 (Mo.App.1997); *Halupa v. Halupa*, 943 S.W.2d 272, 277 (Mo.App.1997). Instead, only a fair and equitable division is required. *Id.* The trial court is vested with considerable discretion in dividing marital property, and the court's division of property will only be disturbed on appeal if it is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Crews*, 949 S.W.2d at 663; *Halupa*, 943 S.W.2d at 277B. The division of property is presumed to be correct, and the party challenging the division has the burden of overcoming the presumption. *Crews*, 949 S.W.2d at 664; *Halupa*, 943 S.W.2d at 277.

Section 452.330.1(4) requires the trial court to consider the parties' conduct during the marriage when dividing the marital property. Although varying interpretations have been postulated for this subsection, marital misconduct has not been a legitimate basis for "punishing" a party when dividing marital property. *In re Marriage of Schulte*, 546 S.W.2d 41, 48 (Mo.App.1977). Certainly, however, marital misconduct is a factor in property division when the offending conduct places extra burdens on the other spouse. *Carter v. Carter*, 940 S.W.2d 12, 16 (Mo.App.1997). "It is only when misconduct of one spouse changes the balance so that the other must assume a greater share of the partnership load that it is appropriate that such mis-

---

1. Husband did pay the lease payment on his car.

2. All statutory references are to RSMo 1994 unless otherwise indicated.

3. Husband also contends that the disproportionate division was erroneous because he contributed substantially more to the acquisition of the marital property than Wife. Section 452.330.1(2) requires the trial court to consider the contribution of each spouse to the acquisition of the marital property. § 452.330.1(2). Husband's contention, however, was not supported by the evidence in the record. Although Husband earned more income over the course of the marriage, Wife's income was not insubstantial. Be-

tween 1990 and 1995, she earned between $60,000 and $110,000 per year. She also received stock options from her employer that were exercised to acquire a portion of the Cerner stock. Husband also ignores the fact that the parties relied heavily on Wife's credit throughout the marriage because Husband filed bankruptcy soon after the parties were married. With Wife's good credit, the parties were able to borrow money to remodel the marital residence and to purchase the rental property. Husband's car was also leased under Wife's name. Based on the evidence, Husband did not contribute more to the acquisition of the marital property than did Wife.

conduct can affect the distribution of property." *Dodson v. Dodson*, 904 S.W.2d 3, 8 (Mo.App.1995)(quoting *In re Marriage of Gustin*, 861 S.W.2d 639, 644 (Mo.App. 1993)). Husband asserts that the increased burden of the partnership experienced by the non-offending spouse because of the misconduct of the other spouse must be a financial burden. Wife does not take issue with husband's premise that only his misconduct that imposed a financial burden upon her can be considered in dividing the marital property. Although the law applicable to marital misconduct as applied to the division of marital property is not so restricted,[4] application of husband's limited standard supports the trial court's division of the marital property in this case.

In this case, the parties separated in August 1995. One month later, Husband began living with his girlfriend. He paid the rent for their duplex and the electricity, gas, and phone bills. During the separation, he also gave his girlfriend gifts including a $1200 diamond necklace, $200 skis, and a $300 mountain bike. Husband also took his girlfriend on trips to Colorado to ski, Iowa, Minnesota, Wisconsin, and Washington D.C. during the separation. Meanwhile, throughout the entire 18–month separation, Wife bore the sole responsibility for making monthly payments on the parties' debt. Husband did not pay any of the parties' marital debt except for the lease payment on his automobile. Wife also incurred expenses in maintaining the houses and was forced to borrow money to pay for repairs.[5] Husband's diversion of marital funds to his girlfriend while his wife bore the sole responsibility for paying the marital debts constituted misconduct that imposed upon Wife a financial burden during the marriage. *See Pratt v. Pratt*, 813 S.W.2d 389 (Mo.App.1991) (any inequality in the award of marital property was justified by husband's misconduct in spending marital funds on his new girlfriend which might have been available to support his wife). The trial court, therefore, was justified in awarding Wife a greater share of the marital property. Point I is denied.

## II. Valuation and Allocation of Debt

In his next point on appeal, Husband claims that the trial court erred in valuing the balances of the mortgages on the residential home and the rental property and in allocating the residential mortgage to Wife as marital property. He claims that the alleged errors resulted in a greater disparity between the marital property he received and that Wife received than was actually found by the trial court.

 Generally, debts are not marital property, and a trial court is not required to allocate them between the parties. *Reisenleiter v. Reisenleiter*, 926 S.W.2d 914, 917 (Mo.App.1996). The allocation of debts, however, is "a commendable practice and serves to eliminate future dissension between the parties." *Id.* (quoting *Vehlewald v. Vehlewald*, 853 S.W.2d 944, 950 (Mo.App.1993)). A trial court is required to consider the marital debts in establishing a fair division of marital property. *Reisenleiter*, 926 S.W.2d at 917.

4. *See Halupa v. Halupa*, 943 S.W.2d 272, 277 (Mo.App. E.D.1997)(citing evidence of husband's adultery in addition to husband's dissipation of marital assets to pay gambling debts as factors in division of the marital property); *Lawrence v. Lawrence*, 938 S.W.2d 333, 338 (Mo.App. W.D.1997)(recognizing that husband's adultery caused wife severe emotional harm necessitating counseling and contributing to demise of the marriage and considered in division of marital property); *Tully v. Tully*, 813 S.W.2d 926, 929 (Mo.App. E.D.1991)(citing husband's physical abuse of wife several times during the marriage as the factor considered in awarding wife greater share of marital property); *Holt v. Holt*, 780 S.W.2d 156, 158–59 (Mo.App. S.D.1989)(recognizing husband's physical and emotional abuse of wife and sexual abuse of wife's daughter as factors in awarding greater sum of marital property to wife); *Andrews v. Andrews*, 673 S.W.2d 495, 499 (Mo.App. W.D.1984)(noting husband's multiple adulterous relationships and sexual abuse of wife as factors in division of marital property); *Sarandos v. Sarandos*, 643 S.W.2d 854, 856 (Mo.App. E.D.1982)(referencing husband's admissions of adulterous relationships throughout the marriage as contributing to separation and divorce and considered in division of marital property); *Rasmussen v. Rasmussen*, 627 S.W.2d 117, 119 (Mo.App. W.D.1982)(noting wife's physical attack of and threats to husband, including attempted blackmail of husband, in division of property favoring husband).

5. This debt was eventually allocated equally between the parties by the trial court.

In the judgment, the trial court valued the mortgages and then allocated them to Wife, who received both pieces of property. Both parties presented evidence to the trial court relating to the balances of the mortgages on the residential home and the rental property. Husband introduced an exhibit showing balances of $81,637 and $64,492, respectively. Wife introduced an exhibit showing balances of $88,400 and $69,800, respectively. The trial court accepted Wife's figures. Evidence was also offered that although a mortgage existed on the residential home prior to the marriage, additional money was borrowed against the home during the marriage to purchase Cerner stock, to remodel the home, and to purchase another house. The trial court, not the reviewing court, makes factual determinations and resolves conflicts in evidence in arriving at an equitable division of marital property. *F.W.H. v. R .J.H.*, 666 S.W.2d 910, 913 (Mo.App.1984). Sufficient evidence supported the trial court's valuation of the mortgages and its allocation of the residential mortgage to Wife as marital property. Point II is denied.

### III. Attorney's Fees

In his final point on appeal, Husband claims that the trial court abused its discretion in awarding Wife her attorney's fees in the amount of $15,000. He contends that Wife had more than sufficient financial resources to pay her own attorney's fees and that no other statutory factor supported the award.

Section 452.355.1 provides that the trial court may award a party his or her attorney's fees incurred in a dissolution after considering all relevant factors. § 452.355.1. The trial court is vested with broad discretion in awarding attorney's fees, and the award will only be disturbed on appeal upon a finding of abuse of discretion. *Halupa*, 943 S.W.2d at 278. To demonstrate abuse of discretion, the complaining party bears the burden of showing the award to be clearly against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice. *Meservey v. Meservey*, 841 S.W.2d 240, 248 (Mo.App.1992).

Factors to be considered by the trial court in awarding attorney's fees include the spouses' financial resources and conduct during the marriage. *Kovach v. Kovach*, 873 S.W.2d 604, 608 (Mo.App.1993). A spouse's inability to pay his or her attorney's fees is not a requirement for awarding attorney's fees. *Id.* One spouse's greater ability to pay is sufficient to support an award of attorney's fees to the other spouse. *Id.* The trial court has discretion to award attorney's fees to a spouse who was awarded sufficient assets to cover those fees. *Id.*

Wife was gainfully employed and had sufficient resources to pay her attorney's fees. Wife's ability to pay her attorney's fees, however, was not relevant in awarding attorney's fees. Instead, Husband's ability to pay was relevant. Husband received nonmarital property valued at $147,649 and marital property valued at $1,075,613.50. Since 1990, he has earned an average yearly income of approximately $144,000. The trial court also found that Husband had engaged in misconduct during the marriage. In light of these circumstances, the trial court did not abuse its discretion in awarding Wife her attorney's fees. Point III is denied.

The judgment of the trial court is affirmed.

All concur.