**Edith L. MESSER, Respondent,**

v.

**Donald L. MESSER, Appellant.**

No. 23474.

Missouri Court of Appeals,
Southern District,
Division Two.

April 26, 2001.

John A. Woodard, Monett, Attorney for Appellant.

Susan Appelquist, Springfield, Attorney for Respondent.

BARNEY, Chief Judge.

Donald L. Messer ("Husband") appeals from an amended judgment of the Circuit Court of Lawrence County, which dissolved his marriage with Edith L. Messer ("Wife").

The parties were married on September 15, 1973. No children were born of the marriage. During the marriage, Husband and Wife accumulated assets consisting mainly of the marital home valued at $112,000.00; Edward Jones IRA account number 967–90492–1–4, valued at $762,-489.95;[1] Edward Jones account number

---

**1.** This account originated from Husband's pension at Tyson Food's, which he rolled over to the Edward Jones IRA account.

967–06417–1–2, valued at $23,549.91; vehicles and other personal properties. In January of 1997, Wife inherited approximately $116,000.00 from her mother's estate.

On April 14, 1998, Wife filed for dissolution of marriage. In its judgment, the trial court set off to Wife her separate property consisting of a home valued at $59,000.00, purchased with money inherited from her mother, together with other assets worth about $50,000.00. In dividing the marital property, the trial court awarded to Husband the marital home and one-half of the remaining assets totaling $539,193.00, or roughly 57% of the marital estate. Wife was awarded $408,847.51, or approximately 43% of the estate. In order to compensate for the disparity, the trial court ordered Husband to pay $65,172.75 to Wife. The trial court held that neither party was entitled to maintenance or attorney's fees.

In his sole point relied on Husband posits trial court error in "awarding the marital property evenly between the parties. . . ." He contends that Wife "engaged in marital misconduct which placed additional burdens upon Husband;" that Wife had other separate property which the trial court failed to consider in dividing the property on an equal basis; and that the "vast majority of marital assets were the direct result of Husband's efforts."

As with other court-tried cases, we must affirm a decree in a dissolution case unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Mehra v. Mehra*, 819 S.W.2d 351, 353 (Mo. banc 1991).[2] We are to defer to the trial court's determinations of credibility, viewing the evidence and permissible inferences therefrom in the light most favorable to the decree, disregarding all contrary evidence and inferences. *In re Marriage of Perkel*, 963 S.W.2d 445, 447 (Mo. App.1998). "This is because credibility of witnesses and the weight to be given their testimony is a matter for the trial court, which is free to believe none, part, or all of the testimony of any witness." *Id.*

"When reviewing the lower court's division of property we will presume the court's division is correct." *Hosack v. Hosack*, 973 S.W.2d 863, 868 (Mo. App.1998). Section 452.330 gives the trial court great flexibility and far-reaching power to divide the marital property so as to accommodate the needs of the parties upon dissolution and there is no formula respecting the weight to be given by the trial court to the relevant factors set out. *Holt v. Holt*, 976 S.W.2d 25, 28 (Mo.App. 1998); *see also Keller v. Keller*, 18 S.W.3d 589, 600 (Mo.App.2000); *Waisblum v. Waisblum*, 968 S.W.2d 753, 756 (Mo.App. 1998).

In Husband's first sub-point of his sole point relied on, he maintains that the trial court failed to recognize the purported misconduct of Wife in dividing the marital property. Husband testified that he and Wife separated on April 9, 1998, when she came home and announced that she was leaving him. He further testified that approximately one month later he observed Wife in a parked vehicle with another man, her employer, engaged in romantic activity. Both Wife and her employer testified at trial that what Husband claimed to have seen did not occur.

---

**2.** When *Mehra* was decided, the applicable standard of review was based on Supreme Court Rule 73.01(c). Essentially the same standard is now found in Rule 84.13(d). In this opinion, all statutory references are to RSMo 1994, unless otherwise set out. All rule references are to Missouri Court Rules (2000), unless otherwise noted.

While both Husband and Wife testified that Wife had gone away for the weekend with her employer just prior to separating from Husband, Wife stated that the trip was business related. Husband claims that this conduct by Wife constituted marital misconduct which put an emotional strain on Husband with resulting physical manifestations and should have been taken into consideration by the trial court in its division of marital property. Wife testified that she had not begun a romantic relationship with her employer until the middle of June 1998, over two months after her separation from Husband. She further related that during the marriage Husband exhibited a bad temper and had anger control problems. She stated that he struck her on at least one occasion. Husband refuted this testimony.

■■■ "Under [section] 452.330.1(4), the trial court is required to consider the parties' conduct during the marriage when dividing the marital property." *Nelson v. Nelson*, 25 S.W.3d 511, 519 (Mo.App.2000). Although marital misconduct is not a legitimate basis for punishing a party when dividing marital property, "it is a factor in property division when the offending conduct places extra burdens on the other spouse." *Id.* (quoting *McNair v. McNair*, 987 S.W.2d 4, 6 (Mo.App.1998)). "[I]t is only when misconduct of one spouse changes the balance so that the other must assume a greater share of the partnership load that it is appropriate that such misconduct affect the distribution of property." *Id.* (quoting *McNair*, 987 S.W.2d at 6–7). Even if the trial court believes the evidence of misconduct, it may still divide the marital property in substantially equal fashion if proper to do so under all factors set forth in section 452.330.1. *Hosack*, 973 S.W.2d at 869. As previously set out, when resolving conflicting testimony between parties, the trial court may reject or accept any of the testimony brought before the court. *In re Marriage of Thomas*, 21 S.W.3d 168, 176 (Mo.App.2000). Deference is given to the trial court in observing the witnesses and determining their credibility. *Laffey v. Laffey*, 4 S.W.3d 655, 658 (Mo.App.1999).

■■■ In our review of the record, we fail to see where Wife's conduct may have placed an extra burden on spouse. Wife testified that she did not engage in a romantic relationship with another man until after her separation from Husband. Husband points to no expenditures of marital funds which were dissipated as a result of Wife's ostensible extra-marital activities. Aside from his own testimony, Husband fails to show that Wife's post-separation activity added any significant, additional stress to Husband or the marriage. Therefore, we cannot say that the trial court erred in failing to find any marital misconduct by Wife. Husband's proffered evidence of Wife's marital misconduct was inconclusive and insufficient so as to affect the division of marital property. *Rich v. Rich*, 871 S.W.2d 618, 626 (Mo.App.1994). "[I]f reasonable persons can differ about the propriety of the trial court's action, it cannot be said the court abused its discretion." *In re Marriage of Eskew*, 31 S.W.3d 543, 550 (Mo.App.2000). We find no abuse of discretion by the trial court. *Id.* Subpoint denied.

■■■ In his second sub-point, Husband contends that the trial court erred in failing to take into consideration the separate property of Wife in determining that the marital property was to be divided evenly. In its final judgment, the trial court awarded separate property to Wife valued at $109,000.00. In making its division of property, "[t]he court is entitled to consider the fact that the separate property of one party is greater than that of the other." *David v. David*, 954 S.W.2d 611, 616 (Mo.App.1997); *Riaz v. Riaz*, 789

S.W.2d 224, 228 (Mo.App.1990). "The weight to be given that factor in comparison to other factors is primarily a matter of judgment for the trial court." *Ware v. Ware*, 647 S.W.2d 582, 584 (Mo.App.1983).

The record shows that Wife inherited $116,000.00 when her mother passed away in January of 1997, the year prior to the separation of the parties. These funds were largely depleted by the time of trial, in August of 1999, in part because after her separation from Husband, Wife was forced to move out of the marital home, acquire a new home, new furnishings, and support herself. Wife testified that at the time of trial she had no income, and Husband acknowledged that he had not contributed any money to her during their separation. The trial court also observed, during this same period of time, Husband withdrew in excess of $50,000.00 of marital assets from an IRA account. In view of the foregoing, in conjunction with the equal distribution of the remaining marital assets, we cannot say that the trial court abused its discretion in setting off to Wife her separate property consisting of the home purchased with funds inherited from her mother, together with other personal properties derived from her inheritance, totaling $109,000.00. *Id.* Sub-point denied.

In his last sub-point, Husband contends that in its division of the marital property the trial court failed to adequately consider that the vast majority of marital assets were the direct result of Husband's efforts. The bulk of the marital assets centered around Edward Jones IRA account number 967–90492–1–4, valued at $762,489.95, which was a pension rollover from Husband's employment at Tyson Foods, where he was employed for over twenty years. He argues that since he provided the bulk of this asset through his work at Tyson Foods he should be given a greater share in the division of this marital property.

Here, the evidence shows that at the time of their marriage the parties had very few assets. While Husband worked at Tyson Foods, Wife was employed at Tyson Food's for four years; Schreiber's Food for eight years; owned a craft and gift shop for six to seven years; conducted a housekeeping business for a short time; and worked at Moore's Department Store. While Husband accumulated retirement benefits though his employment with Tyson Foods, Wife accumulated few, if any, retirement benefits through her employment. The parties lived quite frugally. They rarely ate out and Wife was not extravagant in the purchase of her clothes. In addition to working as a homemaker during the marriage, Wife testified that the parties were able to accumulate Husband's Tyson Foods retirement because she worked and helped earn a living so they could save more of Husband's salary. *See In re Marriage of Box*, 968 S.W.2d 161, 169 (Mo.App.1998). "The trial court must consider contributions of both spouses to the marital assets, including those made by spouses who are homemakers." *Lance v. Lance*, 979 S.W.2d 245, 252 (Mo.App.1998). The court may place significant weight on contributions of the wife, if deemed appropriate. *Id.*

Here, the trial court ruled that the $762,489.95 in Edward Jones IRA account number 967–90492–1–4 was marital property and divided such property in equal proportion. This equal division of property is not so heavily weighted in favor of either party as to amount to an abuse of discretion. *Holt*, 976 S.W.2d at 27. Sub-point denied.

The judgment of the trial court is affirmed.