**David Ralph BALLARD, Jr., Respondent,**

v.

**Mary Catherine BALLARD, Appellant.**

**No. WD 60142.**

Missouri Court of Appeals, Western District.

June 18, 2002.

Karen M. Hunt, Sedalia, for Respondent.

Robert M. Ramshur, Piedmont, for Appellant.

Before ELLIS, P.J., and SMITH and HOWARD, JJ.

EDWIN H. SMITH, Judge.

Mary Catherine Ballard appeals from the judgment of the Circuit Court of Pettis County dissolving her marriage to the respondent, David Ralph Ballard, with respect to the court's division of marital property.

In her sole point on appeal, the appellant claims that the trial court erred in denying her motion for a new trial or in the alternative to amend its judgment of dissolution with respect to its award of marital property because in dividing the parties' marital property as required, the court erroneously declared and applied the law as to what constitutes marital misconduct that will affect the division of marital property under § 452.330.1(4).[1]

We affirm.

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

## Facts

The parties were married on July 30, 1983, in Sedalia, Missouri, and separated on December 13, 1999. There were no children born of the marriage. The respondent filed a petition for dissolution of marriage in the Circuit Court of Pettis County on August 24, 2000. On September 11, 2000, the appellant filed an answer to the respondent's petition and her cross-petition for dissolution of marriage. The respondent filed an answer to the appellant's cross-petition on September 19, 2000.

The petition and cross-petition of the parties were heard by the Honorable Robert L. Koffman, on May 1, 2001. At trial, the respondent admitted that he had fathered a child out of wedlock in 1989 and had paid approximately $18,471 in court-ordered child support during the marriage. The respondent also testified that the child lived with the parties for approximately one and one-half to two years from 1997 through 1999. As to the respondent's child, the appellant testified that she attempted to treat the child as her own while he lived in their home.

On the same day of the trial, the trial court entered its judgment dissolving the marriage, setting off to the respondent his separate property and dividing the marital property. The marital property was divided such that the appellant received approximately 64% of the marital estate and the respondent 36%.[2] The trial court also ordered the appellant to make a cash payment to the respondent of $2,000 to equalize the property division.

On May 11, 2001, the appellant filed a "Motion for New Trial and in the Alternative to Amend the Judgment," alleging, *inter alia,* that the trial court erred in dividing the marital property because it failed to consider the respondent's marital misconduct in fathering a child out of wedlock and using marital funds to make child support payments for the child. On June 15, 2001, the appellant's motion was heard and overruled by the trial court.

This appeal follows.

## I.

In her sole point on appeal, the appellant claims that the trial court erred in denying her motion for a new trial or in the alternative to amend its judgment of dissolution with respect to its award of marital property because in dividing the parties' marital property as required, the court erroneously declared and applied the law as to what constitutes marital misconduct that will affect the division of marital property, pursuant to § 452.330.1(4). Specifically, she claims that the trial court erred in ruling that the respondent's fathering of an illegitimate child during the marriage, using marital funds to support the child, and bringing the child into the marital residence did not constitute marital misconduct affecting the division of marital property in that the respondent's actions did not contribute to the breakup of the parties' marriage.

■■■ "In reviewing a trial court's denial of a motion for a new trial, we must indulge every reasonable inference favoring the trial court's ruling and not reverse that ruling absent a clear abuse of discretion." *Ashcroft v. TAD Res. Int'l,* 972 S.W.2d 502, 505 (Mo.App.1998) (citation

---

**2.** The record is not clear as to the value that the trial court assigned to the individual pieces of marital property, but this breakdown of the percentage of the marital estate awarded to each party reflects the portions the parties received if the trial court adopted the appellant's claimed values for the marital home and the household goods which were the primary items whose values were in dispute.

omitted). We will find an abuse of discretion if the trial court's denial of the appellant's motion for new trial or to amend the judgment clearly violated the logic of the circumstances or is arbitrary or unreasonable. *Id.*

Section 452.330, which governs the division of property in a dissolution proceeding, sets forth a two-step process that is to be followed by the trial court: (1) the court must first set aside to each spouse his or her non-marital property; and (2) then divide the marital property and debts in such proportions as the court deems just. *Bauer v. Bauer,* 38 S.W.3d 449, 458 (Mo.App.2001). The trial court is granted great flexibility and discretion in its division of marital property pursuant to § 452.330. *Myers v. Myers,* 47 S.W.3d 403, 407 (Mo.App.2001). We presume that the trial court's division is correct, and the spouse challenging the division bears the burden of overcoming this presumption. *Rivers v. Rivers,* 21 S.W.3d 117, 123 (Mo. App.2000).

" 'The division of marital property [pursuant to § 452.330] need not be equal, but must only be fair and equitable given the circumstances of the case.' " *Shepard v. Shepard,* 47 S.W.3d 412, 417 (Mo.App.2001) (*quoting Nelson v. Nelson,* 25 S.W.3d 511, 517 (Mo.App.2000)). However, as a general rule, "the division of marital property should be substantially equal unless one or more statutory or [relevant] non-statutory factors causes such a division to be unjust." *Hatchette v. Hatchette,* 57 S.W.3d 884, 889 (Mo.App. 2001) (citation omitted). Section 452.330.1 provides, in pertinent part, that in fashioning a fair and equitable division of marital property, the trial court is required to consider all relevant factors, including the five factors set out in the statute. The five statutory factors of § 452.330.1 are not exclusive, and there is no formula determining the weight to be given to the factors in dividing the marital property. *Taylor v. Taylor,* 25 S.W.3d 634, 640 (Mo. App.2000). One of the five factors, which the trial court is required to consider in dividing marital property, is the "conduct of the parties during the marriage." § 452.330.1(4). It is this factor that the appellant claims the trial court misunderstood and failed to properly apply in dividing the parties' marital property here.

In claiming as she does in this point, the appellant concedes that there was no request for findings of fact and conclusions of law under Rule 73.01(c),[3] and the record reflects that the trial court made none in its judgment. However, in support of her claim, the appellant points to the transcript of the hearing on her motion for new trial or to amend the judgment, where the trial court, in response to appellant's counsel's argument and in denying the motion, opined:

Marital misconduct, at least in this Court's opinion, happens in every single divorce. And the law, as I understand it, makes it only significant if it has something to do with the breakup of the marriage. The $18,000 spent on another child not of the marriage was considered by the Court. And I determined that it had nothing to do with the breakup of the marriage, because the [Appellant] lived with that situation over a period of years.

And the statute for marital misconduct in dissolution is not meant to punish, it is meant to make things fair and equal. And for that reason I'm going to

---

**3.** All rule references are to the Missouri Rules of Civil Procedure (2001), unless otherwise indicated.

overrule. The Court has made its findings, made its order and judgment, and I'm going to leave it there.

The appellant contends that this gratuitous oral finding of the trial court, with respect to respondent's alleged marital misconduct concerning his illegitimate child, demonstrates the court's misunderstanding of the law as to what constitutes misconduct for purposes of marital property division, pursuant to § 452.330.1. In that regard, she asserts that to constitute marital misconduct to justify a disproportionate division of marital property, the proper standard is not whether the misconduct contributed to or caused the breakup of the marriage, as the trial court inferred by its oral finding, but whether it placed an added burden on the appellant, citing *Hatchette*, 57 S.W.3d at 889 and *McNair v. McNair*, 987 S.W.2d 4, 6 (Mo.App.1998). She further contends that this misunderstanding of the law led the court to divide the parties' marital property without attaching any significance, as required under § 452.330.1(4), to the respondent's alleged misconduct concerning the illegitimate child, resulting in a division of marital property that is contrary to the law. Thus, as the appellant frames her claim, the first issue for us to decide is whether the trial court erroneously declared the law as to what constitutes marital misconduct justifying a disproportionate division of marital property under § 452.330.1.

 "Under § 452.330.1(4), the trial court is required to consider the parties' conduct during the marriage when dividing the marital property." *Nelson*, 25 S.W.3d at 519. However, misconduct by a spouse cannot be used by the court to punish that spouse by awarding a disproportionate share of the marital estate to the other spouse. *Id.; Messer v. Messer*, 41 S.W.3d 640, 643 (Mo.App.2001). The rationale for considering the misconduct of the spouses in dividing marital property is that "if one spouse is compelled to contribute more to the partnership endeavor due to the other's misconduct, he or she is entitled to have the errant spouse's misconduct taken into consideration ... in dividing marital property." *In re Marriage of Ballay*, 924 S.W.2d 572, 578 (Mo.App.1996) (citation omitted). Thus, not all misconduct requires a disproportionate division of marital property. *Id.* "Even if the trial court believes the evidence of misconduct, it may still divide the marital property in substantially equal fashion." *Messer*, 41 S.W.3d at 643. "[I]t is only when misconduct of one spouse changes the balance so that the other must assume a greater share of the partnership load that it is appropriate that such misconduct affect the distribution of property." *Nelson*, 25 S.W.3d at 519.

 The added burden placed on a spouse sufficient to justify a disproportionate division of marital property does not have to be a financial one. *McIntosh v. McIntosh*, 41 S.W.3d 60, 69 (Mo.App.2001). Other misconduct, specifically extramarital affairs and the birth of illegitimate children, as alleged in our case, have been found to be added burdens sufficient to justify a disproportionate division of marital property. *See Halupa v. Halupa*, 943 S.W.2d 272, 277 (Mo.App.1997) (citing evidence of husband's adultery as a factor in its division of the marital property); *Lawrence v. Lawrence*, 938 S.W.2d 333, 338 (Mo.App.1997) (recognizing that husband's adultery caused wife severe emotional harm which could be considered in division of marital property); *Dodson v. Dodson*, 904 S.W.2d 3, 8–9 (Mo.App.1995) (holding that marital misconduct to be considered by the trial court in dividing the marital property included, *inter alia*, Husband's seven extramarital affairs and his fathering an illegitimate child); *Yount v. Yount*, 821 S.W.2d 876, 881 (Mo.App.1991) (hold-

ing that Husband's illicit relationships constituted marital misconduct that should be considered by the trial court); and *Divine v. Divine,* 752 S.W.2d 76, 78 (Mo.App.1988) (holding that sexual infidelity is misconduct that can be considered by a trial court). However, evidence alone of adultery or fathering an illegitimate child is not enough to justify a disproportionate division of property. There must also be evidence of the specific added burdens the non-offending spouse is claiming he or she suffered as a result of such misconduct. *See Messer,* 41 S.W.3d at 643 (holding that a review of the record did not indicate that Wife's alleged affair placed an added emotional or financial burden on Husband to support a disproportionate division of property); *Balven v. Balven,* 734 S.W.2d 909, 913 (Mo.App.1987) (holding that Husband's admitted affair near the end of the marriage in and of itself did not support an unequal division of property where nothing in the record indicated that this relationship imposed additional burdens on his wife); *Rising v. Rising,* 608 S.W.2d 510, 512 (Mo.App.1980) (holding that an unequal distribution of property in favor of the Husband was not warranted where there was no evidence that the Husband suffered additional burdens when his wife moved out of their home and lived with another man prior to the dissolution); and *Burtscher v. Burtscher,* 563 S.W.2d 526, 528 (Mo.App.1978) (holding that there was no evidence that the Husband's extramarital affair near the end of the marriage placed any particular burdens on the Wife which would cause the trial court's distribution of marital property to be unfair).

As the foregoing analysis of the pertinent cases points out, contrary to the trial court's oral pronouncement on the record as to the requisite standard for marital misconduct in order to affect the division of marital property, marital mis-

conduct does not have to cause or contribute to cause the breakup of the marriage in order to be considered as a justification for a disproportionate award of marital property. While misconduct found to cause or contribute to cause the breakup of a marriage would logically constitute an added burden, misconduct not rising to that level could still be found to constitute an added burden on the marriage, justifying a disproportionate division of marital property. However, the fact that the trial court was mistaken as to the standard to be applied in determining whether to consider the respondent's alleged marital misconduct in its award of marital property does not end our inquiry. Inasmuch as we are to affirm the trial court's decision on any basis supported by the law and the facts of the case, *Testerman v. Director of Revenue,* 31 S.W.3d 473, 477 (Mo.App. 2000), we still must determine whether the outcome of the trial court's property division would have been substantially different if the correct standard of marital misconduct had been applied. In other words, we must determine whether the record would support the fact that the alleged misconduct of the respondent placed an added burden on the appellant during the course of the marriage justifying a disproportionate division of marital property favoring the appellant.

In reviewing the record, there is no dispute that the respondent fathered a child out of wedlock in 1989, some twelve years prior to the dissolution of marriage. There is also no dispute that the respondent, over a period of approximately eight years, paid court-ordered child support of $18,471. In addition, there is no dispute that the respondent's child came to live with the parties sometime in 1997 and lived with them for approximately two years before they separated. And, as discussed, *supra,* there can be no dispute that such conduct has been found by our appel-

late courts to be marital misconduct. However, as also discussed, *supra,* in order to be entitled to a disproportionate division of the marital assets on the basis of such misconduct, the appellant had the burden of showing at trial that the respondent's misconduct placed an added burden on her in the context of her marital relationship, which she did not do.

Using the values assigned to the marital assets by the trial court, which are not in dispute on appeal, the appellant was, in fact, awarded a significantly disproportionate share of the marital estate, approximately 64%. Considering the statutory factors of § 452.330.1, other than marital misconduct, and all other relevant factors, there is nothing in the record that makes it apparent to us that the trial court had any basis for its disproportionate division of the marital property to the appellant. Thus, even assuming that the trial court, in making its award of marital property, would have considered the respondent's misconduct of fathering a child out of wedlock and providing financial support to the child, it appears unlikely to us that this would have significantly changed the court's award of marital property requiring us to reverse.

We recognize that a spouse's fathering a child out of wedlock and paying child support from marital funds necessarily places some general added burdens on the other spouse. However, it is extremely difficult for a trial court to factor in such burdens in its award of marital property where, as here, there are no specific complaints or evidence as to the extent and nature of the alleged extra burdens the spouse was caused to endure as a result of the alleged misconduct so as to affect the award of marital property. Not to diminish the seriousness of the respondent's misconduct, but all we have in the record in this case is the fact that a child was born out of wedlock to him some eleven years prior to the breakup of the parties' marriage and that he paid $18,471 in court-ordered child support over a period of nine years. The appellant did not present any evidence as to what specific added stress, if any, this conduct placed on her marriage, either emotionally or financially. For instance, she did not present any evidence to show how the child support payments put stress on her or her marriage. Was she forced to obtain a second job or did she have to do without any essentials, etc.? Hence, when viewed in the light of all the relevant circumstances, we cannot say that the trial court's division of marital property was not fair even if the trial court incorrectly stated the law as to marital misconduct. In other words, the appellant has not carried her burden to demonstrate prejudice in the court's failure to correctly state and apply the standard for considering marital misconduct as a factor in property division. Absent such a showing, the trial court's error would be harmless error not requiring reversal. *In re Marriage of Garrett,* 654 S.W.2d 313, 316–17 (Mo.App.1983) (holding that the trial court's erroneous declaration of law was not reversible error because the appellant was not prejudiced in that the court's division of property was ultimately fair).

Point denied.

## Conclusion

The judgment of dissolution of the circuit court is affirmed.

ELLIS, P.J., and HOWARD, J., concur.