Sheridan BOHON, Respondent,

v.

Terrill L. BOHON, Appellant.

No. WD 61620.

Missouri Court of Appeals,
Western District.

April 15, 2003.

John W. Dennis, Jr., Independence, MO, for Appellant.

Jeffery A. Sutton, Kansas City, KS, for Respondent.

Before THOMAS H. NEWTON, P.J., ROBERT G. ULRICH and EDWIN H. SMITH, JJ.

ROBERT G. ULRICH, Judge.

Terril L. Bohon (Wife) appeals the portion of the trial court's judgment dissolving her marriage to Sheridan Bohon (Husband) that divides the marital property and debts. The division of marital property included the trial court's consideration of the parties' pension benefits. Husband's pension benefits were $295,984. Wife's pension benefits totaled $694,971, but constituted a teacher retirement fund. Wife claims that the trial court erred in disproportionately dividing the marital property to benefit Husband because: (1) the trial court erroneously considered Wife's non-marital property, specifically the teacher's pension fund, when it awarded Husband between 79% to 83% and Wife 17% to 21% of the marital assets; and (2) the trial court failed to find that Husband's long term affair constituted the primary factor in the breakdown of the marriage. The judgment of the trial court is reversed, and the case is remanded for division of the marital property in accordance with this opinion.

**Factual and Procedural History**

Husband and Wife were married on June 2, 1973, separated on August 7, 2000, and divorced on May 31, 2002. Two children were born of the marriage, and both are emancipated. Husband has been employed at the United States Postal Service since April 26, 1975. Wife has worked at the Fort Osage School District since August 26, 1974. As a result of their employment, both Husband and Wife have pension benefits. Husband's pension benefits

were valued at $295,984. Wife's pension benefits were valued at $694,971. The trial court divided the pension benefits as follows: (1) all of Wife's pension benefits were deemed non-marital property; (2) eighty-seven percent (87%) of Husband's pension benefits, $257,689, was deemed marital property with the remaining $38,295 of Husband's pension benefits deemed Husband's non-marital property.

The trial court divided some specific items of personal property and the parties' accumulated debt. The parties disagree on the exact value of the property awarded to each. Wife claims that the trial court awarded Husband gross property totaling $420,112 minus ascribed debt of $5,621.17 for a net value of $414,490.83. Husband counters that the trial court awarded him gross property valued at $403,931 minus debt of $6,049.12 for a net value of $397,881. Husband claims that the value of Wife's awarded gross assets was $225,775 minus assigned debt of $120,580.24 for a net value of $105,194.76. Wife claims her award to have been $209,632 minus assigned debt of $124,017.24 for a net asset value of $85,614.76.

In her sole point on appeal, Wife claims that the trial court erred when it divided and awarded the parties martial assets and debts because it awarded Husband a substantial and inequitable amount of the marital property in that (1) the trial court considered Wife's non-marital property, the teacher's pension fund, in making the award, thereby breaching case law interpreting section 452.330, RSMo 2000, which treats teacher pensions as separate property and precludes their division and distribution as marital property; and (2) the trial court failed to determine that the primary factor for the breakdown of the marriage was Husband's affair.

### Standard of Review

A reviewing court must defer to the trial court's marital property division unless it is improper under the standard of *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), or is an abuse of discretion. *Conrad v. Conrad*, 76 S.W.3d 305, 314 (Mo.App. W.D.2002) (citing *Ray v. Ray*, 877 S.W.2d 648, 651 (Mo.App. W.D.1994)). Under *Murphy*, the decision of the trial court will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. 536 S.W.2d at 32. The division of property is presumed to be correct, and the party challenging the division bears the burden of overcoming the presumption. *Conrad*, 76 S.W.3d at 314. The trial court has broad discretion in the division of marital property and the division will be reversed only if it is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. *Morse v. Morse*, 80 S.W.3d 898, 904 (Mo. App. W.D.2002) (citing *Silcox v. Silcox*, 6 S.W.3d 899, 904–05 (Mo. banc 1999)). "An abuse of discretion will be found only if the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration." *Id.*

### Analysis

Section 452.330.1 governs the trial court's division of property in a dissolution and sets forth a two-step process for division of property: (1) the court must first set aside to each spouse his or her non-marital property; and (2) then divide the marital property and debts in such proportions as the court deems just. *Ballard v. Ballard*, 77 S.W.3d 112, 116 (Mo. App. W.D.2002) (citing *Bauer v. Bauer*, 38 S.W.3d 449, 458 (Mo.App. W.D.2001)). "The division of marital property [pursuant to § 452.330] need not be equal, but

must only be fair and equitable given the circumstances of the case." *Id.* (quoting *Shepard v. Shepard,* 47 S.W.3d 412, 417 (Mo.App. S.D.2001)). Generally, "the division of marital property should be substantially equal unless one or more statutory or [relevant] non-statutory factors causes such a division to be unjust." *Hatchette v. Hatchette,* 57 S.W.3d 884, 889 (Mo.App. W.D.2001) (citation omitted). Section 452.330.1 provides five factors for the trial court to consider in determining how to fashion a fair and equitable division of marital property. These factors are not exclusive and there is no formula determining the weight to be given to the factors in dividing the marital property. *Taylor v. Taylor,* 25 S.W.3d 634, 640 (Mo. App. W.D.2000). The value of the non-marital property that is set aside to each spouse is one of the factors that a trial court is to consider in distributing the marital estate. § 452.330.1(3).

Section 169.572 requires a Missouri teacher's retirement account to be treated in the same manner as social security benefits. *Silcox,* 6 S.W.3d at 902. The statute governs retirement benefits in a dissolution proceeding and provides, in pertinent part:

1. No court shall divide or set aside any federal old-age, survivors or disability insurance benefit provided to any party pursuant to the federal Social Security Act, 42 U.S.C. Section 200 et seq., in any proceeding for dissolution of marriage.

2. Subsequent to August 28, 1991, a court of competent jurisdiction may divide the pension, annuity, benefits, rights, and retirement allowance provided pursuant to this chapter [169] between the parties to any action for dissolution of marriage, to the same extent and in the same manner the court may divide any federal old-age, survivors or disability insurance benefit of the parties provided pursuant to the federal Social Security Act.

Because teacher retirement accounts are received in lieu of social security, they, like Social Security benefits, are unassignable and cannot be awarded as part of the division of property in a dissolution action. *DeMayo v. DeMayo,* 9 S.W.3d 736, 740 (Mo.App. W.D.2000) (citing *David v. David,* 954 S.W.2d 611, 616 (Mo.App. W.D. 1997)). "The court is entitled to consider the fact that the separate property of one party is greater than that of the other." *David,* 954 S.W.2d at 616. However, in the case of teacher pension benefits, the court is not permitted to consider the retirement account in such a manner as to "materially impact" the division of property. *Id.*

Although the briefs of the parties discuss the division of property, Wife even including a list of specific marital assets in her brief, neither party discusses the significant marital debt and who or how it was incurred. Wife was awarded the marital residence. The majority portion of the marital debt, consisting of the first and second mortgage of the marital residence, was ascribed to Wife. Wife was ordered to pay $70,580.24 in debt and a money judgment to Husband of $50,000. Husband was ordered to pay marital debt of $6,049. Absent additional factors, the assumption is that the marital debt is equally attributable to both parties.

The trial court is mandated to consider the value of non-marital property before equitably dividing the marital property. *In re Marriage of Woodson,* 92 S.W.3d 780, 785 (Mo. banc 2003) (citing *Silcox,* 6 S.W.3d at 905). The trial court may not, however, consider the non-marital teacher retirement account to such an extent that it has a substantial material impact on the overall division of marital

property. *Id.* The Supreme Court has held that a 60/40 split in the marital estate does not violate *Murphy v. Carron,* nor is so one-sided as to be an abuse of discretion. *Id.* Unlike the property division in *Woodson,* the property division in this case was substantially disparate with the trial court awarding Wife 17% to 21% of the marital assets while Husband received 79% to 83% of the marital assets. Absent an issue regarding the marital debt, the record in this case, like that of *DeMayo* shows that the trial court treated Wife's retirement benefits as more than *a factor* in the distribution of the marital property. (emphasis added). In the divorce decree, the trial court found:

> IT IS FURTHER ORDERED AND ADJUDGED by the Court that the [Wife's] non-marital property of the marriage is hereby set aside as and for the sole property of the [Wife] as follows:
>
> 1. The [Wife's] non-martial Public School Retirement System of Missouri, valued at $694,971; [Husband] is not awarded any portion of the [Wife's] Public School Retirement System of Missouri benefits[.]

Although the trial court did not specifically divide Wife's teacher retirement fund, it apparently took account of Wife's teacher retirement account in its division of the martial property. "Missouri case law allows the trial court to consider a teacher's retirement fund as a relevant factor under section 452.330; however, when its inclusion in the property distribution causes a material impact on the division of property, its consideration is erroneous." *De-Mayo,* 9 S.W.3d at 741. The size of Wife's teacher retirement account coupled with the fact that she only received 17% to 21% of the marital assets suggests that the trial court effectively treated her retirement

benefits as marital property. The record discloses that neither party sought maintenance, and neither party has special needs requiring assistance for satisfaction. Thus, Wife's teacher retirement account and this factor, alone, had a substantial material impact on the manner in which the trial court determined the amount of marital property apportioned to each party. Accordingly, that portion of the trial court's judgment dividing the marital property and debt is in error and is reversed with directions to the trial court to more equitably divide both between Husband and Wife.

 Wife also asserts that Husband's misconduct during the marriage supports a more even distribution of the marital property. However, the trial court made no findings on these claims and none were requested under Rule 73.01(c). Section 452.330.1(4) requires the trial court to consider the parties' conduct during the marriage when dividing the marital property. *Ballard,* 77 S.W.3d at 117 (citation omitted). The trial court cannot use misconduct by a spouse as a punishment to that spouse by awarding a disproportionate amount of the marital estate to the other spouse. *Messer v. Messer,* 41 S.W.3d 640, 643 (Mo.App. S.D.2001). The basis for considering the misconduct of spouses in dividing marital property is that "if one spouse is compelled to contribute more to the partnership endeavor due to the other's misconduct, he or she is entitled to have the errant spouse's misconduct taken into consideration ... in dividing marital property." *In re Marriage of Ballay,* 924 S.W.2d 572, 578 (Mo.App. S.D. 1996) (citation omitted). The burden placed on a spouse does not have to be a financial one. *McIntosh v. McIntosh,* 41 S.W.3d 60, 69 (Mo.App. W.D.2001). Even though extramarital affairs have been held to justify a disproportionate division of marital property, evidence of an extramar-

ital affair, by itself, is insufficient to justify a disproportionate division. *Ballard*, 77 S.W.3d at 118. The non-offending spouse must provide evidence of specific added burdens that he or she suffered as a result of such misconduct. *Id.*

Although Husband's extended extramarital affair reflects misconduct, the trial court did not consider it a "primary factor" in the demise of the marriage and ascribed it limited or no consequence in the division of marital property. Wife concedes, moreover, in her brief that both she and Husband were guilty of misconduct during the marriage. To be entitled to a disproportionate division of the marital estate on the basis of misconduct, Wife had the burden of establishing that Husband's misconduct placed an added burden on her in the martial relationship. Wife failed to sustain her burden.

The only apparent influencing factor in the inordinate division of marital property so significantly favoring Husband is Wife's substantial teacher retirement account. This factor had a substantial material impact on the allocation of marital property and debt to the parties. Thus, the trial court's award of the marital property and debt compels reversal of the judgment as to the division of marital property and marital debt only.

The portion of the judgment dividing the marital property and ascribing marital debt is reversed, and the case is remanded to the trial court for entry of judgment consistent with this opinion. The judgement is affirmed in all other respects.

All concur.