Janet P. HIGHT, Respondent,

v.

Richard C. HIGHT, Appellant.

No. SD 29991.

Missouri Court of Appeals,
Southern District,
Division Two.

July 13, 2010.

Richard D. Bender, Springfield, MO, for Appellant.

Janet P. Hight, Springfield, pro se.

WILLIAM W. FRANCIS, JR., Judge.

Appellant Richard C. Hight ("Husband") appeals from a judgment of the trial

court[1] dissolving his marriage to Janet P. Hight ("Wife"). Husband submits two challenges: first, that felony charges, not reduced to convictions, were erroneously admitted into evidence, and second, that the division of marital property and marital debt was too disproportionate. For the reasons stated below, we affirm in part, reverse in part, and remand this matter to the trial court for further proceedings.

## Facts and Procedural History

Wife filed a "Petition for Dissolution of Marriage" on April 7, 2008, after twenty-six years of marriage. Husband answered and filed his "Counter Petition for Dissolution of Marriage" on June 30, 2008. Husband was originally represented by counsel; however, counsel withdrew prior to the trial date.

This case proceeded to trial on January 8, 2009. Wife appeared with counsel; Husband appeared self-represented. The trial court entered its "Judgment and Decree of Dissolution of Marriage" ("Judgment") on February 5, 2009. The Judgment concluded that Husband and Wife, combined, had $411,335 in marital assets and $165,540.48 in marital debt. The Judgment awarded Wife $383,670 of the marital assets and $44,064.11 of the marital debt. Husband was awarded $27,665 of the marital assets and $121,476.37 of the marital debt. In terms of percentages, Wife received slightly more than 93 percent of the marital assets and 27 percent of the marital debt. Husband received approximately 7 percent of the marital assets and 73 percent of the marital debt. After entry of Judgment, Husband filed a "Motion for Hearing by Circuit Judge or,

in the Alternative, for New Trial." The motion was denied.

Husband presents two points on appeal. In point one, he alleges the trial court erred in admitting into evidence that he had been charged with three serious felonies, which had not been reduced to convictions and did not involve charges of conduct concerning Wife. In point two, he asserts the trial court erred in its division of marital property and debt because the division was so one-sided in favor of Wife as to amount to an abuse of discretion.

## Standard of Review

Our standard of review was succinctly set out in *Workman v. Workman*, 293 S.W.3d 89 (Mo.App. E.D.2009):

In a dissolution of marriage case, this Court will sustain the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. This Court will not retry the case, but instead, accept as true the evidence and reasonable inferences therefrom in the light most favorable to the trial court's judgment, and disregard all evidence and inferences to the contrary. We defer to the superior ability of the trial court to judge factors such as credibility, sincerity, character of the witnesses, and other intangibles not revealed in the transcript.

*Id.* at 95 (internal citations omitted).

## Analysis

### Point I: Admission of Docket Sheet Containing Three Felony Charges

Husband's first point challenges as error the Commissioner's admission into evi-

---

1. Our use of the term "trial court" is meant to represent the proceedings conducted before Family Court Commissioner Scott B. Tinsley ("Commissioner") on January 8, 2009, whose findings were subsequently adopted by the Circuit Court of Greene County on February 5, 2009.

dence of a docket sheet containing three felony charges. (Exhibit "C"). This point is not preserved.

■ An objection regarding admissibility of evidence must specifically point out the grounds for that objection. *Rogers v. B.G. Transit Corp.,* 949 S.W.2d 151, 153 (Mo.App. S.D.1997). Husband "may not advance on appeal an objection to evidence different from the one presented to the trial court." *Id.*

Here, Husband's objection consists of the following colloquy with the trial court:

[Husband]: Oh, my god. I object.

THE COURT: Well, let's see what the—

[Husband]: Presumption of innocence is everything here.

THE COURT: Mr. Hight, this is not a criminal case, sir.

[Husband]: I understand that, Your Honor.

THE COURT: All right. Your objection is overruled.

■ Husband's objection stating the "[p]resumption of innocence is everything here[,]" is not specific enough to support Husband's point that the trial court erred when it admitted into evidence proof of felony charges, not reduced to convictions.

■ Furthermore, to warrant reversal, Husband must also establish how he was prejudiced by the asserted inadmissible evidence. *Ritchie–Knuth v. Hazelwood,* 259 S.W.3d 607, 608 (Mo.App. S.D.2008). Here, there is no indication of any prejudice to Husband by the admission of the felony charges into evidence in that there is no indication that the trial court relied on this evidence in arriving at its Judgment; however, there was evidence of other acts of marital misconduct in the record, which will be described below. Point I is denied.

### Point II—Division of Marital Property and Marital Debt

■ Husband's second point challenges the Judgment of the trial court in dividing marital property and debts. Husband asserts that the division of marital property and marital debt is so one-sided as to constitute an abuse of discretion by the trial court.

When reviewing a division of marital property, we give deference to the trial court, which is vested with considerable discretion in dividing marital property. Appellate courts will interfere only if the division of property is so heavily and unduly weighted in favor of one party as to amount to an abuse of discretion. It is not *per se* an abuse of discretion if the trial court awards one party a considerably higher percentage of the marital property than it awarded the other party. A division of marital property need not be an equal division, but must only be fair and equitable given the circumstances of the case.

*Workman,* 293 S.W.3d 89, 95–96 (internal citations omitted).

■ An abuse of discretion is present when the trial court's ruling is clearly against the logic of the circumstances, which are before the court, and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Nelson v. Nelson,* 25 S.W.3d 511, 516 (Mo.App. W.D.2000).

■ In this case, an analysis of a division of marital property begins with consideration of the factors set forth in section 452.330.[2] These factors are:

(1) The economic circumstances of each spouse at the time the division of prop-

---

**2.** All references to statutes are to RSMo 2000, unless otherwise indicated.

erty is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children;

(2) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker;

(3) The value of the nonmarital property set apart to each spouse;

(4) The conduct of the parties during the marriage; and

(5) Custodial arrangements for minor children.

The trial court may also consider other relevant criteria. *Ludwig v. Ludwig*, 126 S.W.3d 466, 477 (Mo.App. W.D.2004). The trial court is not required to follow a rigid formula and does not have to divide the property equally; "however, the division must be fair and equitable to the parties." *Id.* Therefore, we must review the evidence and determine "whether [it] was sufficient to support the unequal division of the parties' marital property as being fair and equitable." *Nelson*, 25 S.W.3d at 518.[3]

As we embark on our review, we are required to view the evidence in the light most favorable to the trial court's Judgment. The evidence regarding the first factor in section 452.330 does not favor either party. Both parties were in similar economic circumstances. Both parties were unemployed. Wife testified that she was receiving monthly payments from Social Security for a disability. Husband testified that he was in the process of obtaining Social Security benefits for a disability. There are no issues concerning minor children and custody; therefore, no part of our analysis includes any effect upon minor children.

The evidence regarding the second factor was that Wife made contributions to the repair and cleanup of the marital real estate. However, the record is silent beyond this conclusion and no monetary value was assigned for those services.

The evidence regarding the third factor demonstrates that Wife was awarded $21,540 in nonmarital property, and Husband was awarded $65,310 in nonmarital property.

The evidence regarding the fourth factor was the most relevant for the division of property and debt by the trial court. Wife testified that Husband abused her. Wife's testimony included specific examples of Husband's abuse including that Husband put a gun to her head and threatened to kill her, threatened to kill her cats and horses, that he threw a lamp at her face and knocked out a couple of teeth, and that he threw a cordless phone at her, which gave her "a black eye for a week." Wife also testified that Husband threatened to burn down the marital home if it was awarded to her. Wife also testified that following their separation, Husband only let her remove her "clothes and a couple small knickknacks" and Husband would not allow her to have access to any of the marital property, including their vehicles.

The trial court relied on evidence of Husband's misconduct to support its Judgment because its Judgment specifically referenced Husband's misconduct in the sections awarding the marital home, marital personal property, and marital debts.

3. We note that highly disproportionate marital property divisions, including divisions where more than 70 or 80 percent of the property is awarded to one party, have been upheld numerous times. However, in our research, we found no cases approving such a disproportionate property division found by this Judgment.

The court found in paragraphs 17 through 19 of its Judgment:

17. [T]hat *upon consideration of the Respondent's misconduct during the marriage, including Respondent's physical abuse of the Petitioner, Respondent's above-mentioned failure to prevent the foreclosure of the parties' said Illinois real estate (**TRACT I** ), Respondent's denial of Petitioner's access to all marital funds and property and Respondent's failure to provide Petitioner with any support during the parties' separation, and after considering all the other relevant factors set out in Section 452.330.1,* RS. Mo. [sic], the said marital home (**TRACT II**), and all marital interests and equity therein should be awarded to the Petitioner. (emphasis added).

18. [T]he Court FINDS that, *upon consideration of [Husband's] misconduct described hereinabove and all other factors set out in Section 452.330.1,* RS. Mo, [sic], all the said items of marital personal property should be awarded to the parties as set out in the said Schedules. (emphasis added).

19. [T]he Court FINDS that the payment of said debts should be apportioned between the parties as set out in the said Schedules. The Court FURTHER FINDS that it *considered the above-mentioned misconduct of the Respondent, the factors set out in Section 452.330.1,* RS. Mo., [sic], and the division of the parties' marital property herein when making its Findings for the division of marital debts. (emphasis added).

 Consideration of marital conduct is certainly appropriate in this case. However, marital conduct is only "a factor in property division when the offending conduct places extra burdens on the other spouse." *McNair v. McNair*, 987 S.W.2d 4, 6 (Mo.App. W.D.1998). The added burden "does not have to be a financial one."

*Ballard v. Ballard,* 77 S.W.3d 112, 117 (Mo.App. W.D.2002). "There must also be evidence of the specific added burdens the non-offending spouse is claiming he or she suffered as a result of such misconduct." *Id.* at 118. In our review, this Court must look for evidence that the trial court "in disproportionately dividing the marital property, based in whole or in part on marital misconduct, is not 'punishing' the offending spouse, but is compensating the aggrieved spouse for the extra burden placed on the spouse in the marriage by the offending spouse's misconduct." *Nelson,* 25 S.W.3d at 519.

 Wife alleges that Husband's abuse compelled her to separate and caused the marriage to fail. Misconduct causing or contributing to the breakup of a marriage constitutes an added burden. *See Ballard,* 77 S.W.3d at 118 (stating that "[w]hile misconduct found to cause or contribute to cause the breakup of a marriage would logically constitute an added burden, misconduct not rising to that level could still be found to constitute an added burden on the marriage, justifying a disproportionate division of marital property"). The record is silent on any other added burdens to Wife.

In *Ballard,* the court discussed marital misconduct and disproportionate property divisions. The court noted that the wife in that case did not present any evidence as to what specific added stress there may have been in the parties' marriage, from marital misconduct, whether that stress be emotional or financial. *Id.* at 119. The record presented to us in this appeal is also silent on this type of evidence.

We do not think there is enough substantial evidence, based upon the record before us, that Husband's misconduct in this case can support the trial court's decision to award Wife ninety-three percent of the marital assets and twenty-seven per-

cent of the marital debt. It is important to emphasize that this court is mindful of Husband's misconduct as recited in the record and does not, by this decision, underestimate the severity of that misconduct. Unfortunately, because we do not think that the application of the evidence to the factors set forth in section 452.330 supports such a disproportionate award, we must reverse that portion of the judgment dividing the marital property and debt in that an abuse of discretion has occurred. Husband's second point is granted.

### Decision

We remand this case, with specific directions, for the trial court to conduct additional proceedings in order to complete a division of the marital property and debt not inconsistent with this opinion. All other portions of the trial court's Judgment are affirmed and are not disturbed by this decision.

LYNCH, P.J. and SCOTT, C.J., Concur.