Lorraine M. RITCHIE–KNUTH,
Respondent

v.

Noel A. HAZELWOOD, Appellant.

No. 28728.

Missouri Court of Appeals,
Southern District,
Division One.

July 31, 2008.

Affirmed.

Randy Anglen, Randall S. Anglen, P.C., Branson, MO, for Appellant.

Lester C. Stuckmeyer, Jr., St. Louis, MO, for Respondent.

JOHN E. PARRISH, Presiding Judge.

Noel A. Hazelwood (appellant) appeals a judgment that granted Lorraine Ritchie–Knuth (respondent) a full order of protection pursuant to respondent's request for an adult protective order in accordance with the Missouri Adult Abuse Act, chapter 455, RSMo 2000. Appellant was ordered not to commit acts of abuse upon respondent and to not threaten to abuse respondent. Appellant was further ordered to have no contact with respondent except through the judicial process.

Appellant contends there was not sufficient evidence to support the trial court's findings that he had stalked or abused respondent. He further contends that the trial court erred in admitting in evidence a postal forwarding order as a business record.

■ There was evidence that appellant and respondent began an intimate relation-

ship in January 2007; that respondent attempted to end that relationship in May 2007. There was evidence that appellant began to stalk and harass respondent in late June and early July 2007. Appellant stalked and harassed respondent by calling her repeatedly at all hours of the day and night; by coming, uninvited, to her residence and the residence of her parents; by leaving threatening letters at her residence and at her parents' residence. There was evidence that appellant placed nails in respondent's driveway.

Respondent testified that she feared for her safety and for the safety of her 11–year old daughter; that she was forced to stay with family members and friends in an attempt to avoid appellant. Respondent was required to seek medical treatment and take time off from her work due to the stress caused by appellant's actions.

■■■ Respondent acknowledges that the trial court erred in admitting a postal forwarding order as a business record. However, the record reflects sufficient evidence to support the trial court's judgment separate and apart from any inference to be gained from the postal forwarding order. Appellant was not prejudiced by the admission in evidence of the postal forwarding order. "To warrant reversal, improperly admitted evidence must have prejudiced the [appellant]." *State v. Larson,* 941 S.W.2d 847, 854 (Mo.App.1997). Unless the erroneously admitted evidence materially affects the merits of the judgment, the judgment will not be reversed. *State v. Merrill,* 990 S.W.2d 166, 170 (Mo. App.1999).

The judgment awarding the full order of protection is reviewable under Rule 84.13(d). It is supported by substantial evidence and is not against the weight of the evidence. An opinion would have no precedential value. The judgment is affirmed in compliance with Rule 84.16(b).

BATES and SCOTT, JJ., concur.